DUPRE and others *vs.* THOMPSON and others.

Although some of the trusts in a conveyance are void, as suspending the power of alienation beyond two lives in being, yet in case the other trusts are valid, the whole instrument will not be declared void, if the legal parts do not of necessity uphold the illegal parts.

The rule is now well settled that although there be no gift of a legacy previous to the period appointed for its payment, yet if the intermediate interest be given

Dupre *v.* Thompson.

to the legatee, or be directed to be applied for his maintenance or education, these circumstances will have the effect to vest the legacy.

A person made an instrument purporting to be a will, which was signed by her but not witnessed, disposing of all her real and personal estate, subject to certain trusts therein mentioned. After the testator's death her heirs at law executed an instrument granting, releasing and renouncing to the persons named as executors in the instrument purporting to be a will, all their rights, title, interest and claim, in and to all the effects and assets of the testatrix, and their right of administration; to hold the same according to the trusts declared in the said will. Subsequently the grantees in this instrument were duly appointed administrators of the deceased. *Held* that such instrument was valid; and in its legal effect it was a trust deed, appointing trustees and referring to the will for the purpose of ascertaining what their powers and duties as trustees were.

*Held also,* that the grantees in such deed would act in two successive capacities. That they would first take the property as administrators; and that after they had duly administered the estate they would hold the property as trustees, subject to the trusts declared in their deed of appointment.

IN EQUITY.    This was an appeal, by the plaintiff, from a decree made at a special term of the court, dismissing the bill of complaint, with costs.    The case at special term is reported in 4th Barbour's Sup. Court Reports, 279.

*W. Bliss,* for the plaintiffs.

*D. Lord,* for the defendants.

*By the Court,* EDWARDS, J.    The facts which are admitted in this case are, that on the 20th January, 1834, Susan Durand made an instrument purporting to be a will, which was signed by her, but not witnessed, disposing of all her real and personal estate, subject to certain trusts therein mentioned, and that on the 8th of June, 1842, she died, leaving three daughters, her only heirs at law her surviving.    That after her death the three daughters and the husbands of two of them, who alone were married, executed an instrument, granting, releasing and renouncing to Thompson and Bryan, the two persons named as executors in the instrument purporting to be a will, all their right, title, interest and claim, in, and to, all and singular the effects and assets of Susan Durand deceased, and their right of

administration; to hold the same according to the trusts declared in the said will. After this had been done, Thompson and Bryan were duly appointed administrators. The plaintiffs now seek to set aside the instrument of release and renunciation.

It is contended by the plaintiffs that this instrument is void on the ground that the will, not being legally executed, can not be confirmed.

The first question which arises is as to the legal effect of this instrument. The object of the parties evidently was to vest the property in Thompson and Bryan upon the same trusts as were declared in the will. Such an intention is clearly expressed. But it is said on the part of the plaintiffs that this object was to be effected by confirming the imperfectly executed will, and that the will being void, it is incapable of confirmation. It is true that the instrument executed by the plaintiffs states amongst other things that they confirm the will. But these are general words evidently used for the purpose of giving effect to the particular provisions of the instrument, and should be so construed. The instrument then, if we adopt this construction, in the first place, renounces the right of the plaintiffs to administer upon the estate of the deceased, and, secondly, it grants and releases to Thompson and Bryan all the right of the plaintiffs as heirs at law and next of kin, to the said property, to hold the same subject to the same trusts as are declared in the will. It is in its legal effect a trust deed, appointing trustees, and referring to the will for the purpose of ascertaining what their powers and duties as trustees are. The result is that Thompson and Bryan, having been duly appointed administrators, will act in two successive capacities. In the first place, they will take the property of the deceased as administrators, by virtue of the letters of administration granted to them. After they have duly administered the estate they will hold the property as trustees, subject to the trusts declared in the deed of appointment. If the disposing part of the will had been incorporated *in hæc verba* in the trust deed, there can not be a doubt that the instrument would have been válid, and it is none the less so, because the provisions of the will are incorporated by reference.

Dupre v. Thompson.

But it is said that the post-nuptial deed of settlement of Mrs. Johnston vested her interest in her mother's estate in the trustees appointed under that instrument. At the time the post-nuptial settlement was executed, Mrs. Johnston's claim to the estate of her mother was a mere naked possibility, and was not assignable. Of course, the deed of settlement executed by her in connection with her husband passed no present interest. There is no doubt that a court of equity has the power to enforce specific performance of the covenant which refers to her anticipated inheritance from her mother; but it has not done so, and it is not certain that, under the circumstances of this case, it would do so. But whether it would or not, is not a question now legitimately before us.

The next objection which is made is, that some of the trusts suspend the power of alienation beyond two lives in being, and that they are therefore void. Admitting such to be the fact, still we think that the justice who decided the cause at the special term was correct in his conclusion, that under the recent decisions which have been made in this state, this is not a case in which we ought to declare the whole instrument void, as the legal parts do not of necessity uphold the illegal parts.

But we do not think that the trusts which are particularly objected to are illegal. The third clause of the will directs one third of the estate of Susan Durand to be invested by the executors, and the income thereof to be applied to the support and maintenance of Mrs. Johnston and her children during her life, and to the education and maintenance of her children after her death, until they shall attain respectively the age of twenty-one years, and on their severally attaining that age, it gives to each of the said children an equal share in this one third part of the estate. In the case of *Fornereau* v. *Fornereau*, (3 *Atk.* 645,) where the bequest was of £1000 when the legatee should have attained the age of twenty-five, and where the subsequent words of the will gave the interest for the education of the legatee, it was held to be a vested legacy. This decision has been uniformly followed in subsequent cases; and the rule is now universally acknowledged, that although there be no gift of a legacy

Nones *v.* The Hope Mutual Life Insurance Company.

previous to the period appointed for its payment, yet if the intermediate interest be given to the legatee, or be directed, as in this case, to be applied for his maintenance or education, such circumstances will have the effect to vest the legacy. (1 *Roper on Legacies*, 573, *and authorities there cited.* 2 *Will. on Executors*, 958.) It follows then, that the interest of the children of Mrs. Johnston will vest immediately on her death; for the whole of the income is directed to be applied to their education and maintenance. And being thus vested, there would be no suspension of the power of alienation. So, as to the respective shares of Louisa and Mary, the power of alienation is suspended only during their lives, and immediately on their respective deaths their shares will vest absolutely, although the persons in whom they will vest are contingent.

But it is said that the bill in this case should be retained as a bill for an account. It will be seen that the bill does not ask for an account by the administrators, as such. The account prayed for is consequential upon the deed of trust being declared void. Besides, we do not think that a proper case for an account is presented.

The decree made at the special term must be affirmed.

----

SAME TERM.    *Before the same Justices.*