In the Matter of the Estate of CHARLES HIRSHON, Deceased.

Surrogate's Court, New York County, July 20, 1936.

*Brussel & Beebe*, for the trustees, petitioners.

*James D. Froelich*, for Helen H. Lichtenstein, Walter Hirshon and Lewis Hirshon, legatees.

*Wiley & Willcox* [*Bertram F. Willcox* of counsel], for Evelyn H. Seligmann and Marion H. Siegbert, respondents.

*Neidle & Taylor*, for Beatrice H. Gerstman, respondent.

*George S. Ludlow*, for The Chase National Bank of New York, Julius L. Neidle and Francis L. Kohman, as trustees of Beatrice H. Gerstman.

*Philip J. Dunn*, special guardian.

*Francis L. Kohlman*, for Beatrice L. Hirshon, respondent.

FOLEY, S.   In this trustees' accounting a construction of the will is sought.   Objections to the account have also been filed which are based upon the various constructions of the will contended for by the parties.

By the fourth paragraph of his will the testator created a trust of his residuary estate during the life of his widow.   He directed the trustees " to collect the rents, issues   *   *   *   and to pay the net rents, issues, income and profits so collected and received by them in each year, as follows: unto my said wife Beatrice L. Hirshon the sum of twenty-five thousand dollars per annum in quarterly installments."   The paragraph then provides for an equal distribution of the surplus income to the testator's children.

The trust has not produced income of $25,000 since 1932.   The widow contends that she is entitled to receive the deficits of past years out of future accruing income.

This identical question was raised upon the settlement of the decree on the prior accounting in 1933.   The surrogate at that time upheld the widow's contention and the decree of September 19, 1933, provided, over the objection of the special guardian, that the deficits in the payment to the widow of $25,000 a year should be made up from future accruing income.

Several of the testator's children contend that the prior decree construing the will is not binding on them and the question is not

*res adjudicata.* They defaulted on the return of the citation in the prior proceeding but because the question of construction was not raised in the petition and because the citation was returnable before the effective date of the amendment to section 145 of the Surrogate's Court Act, they maintain that the surrogate could have made no determination as to the construction of the will which would be binding on them.

While there is a serious question that the matter is *res adjudicata,* I prefer to make my present determination upon the merits.

I will adhere to my prior decision. (*Matter of Hirshon,* N. Y. L. J. Sept. 6, 1933, p. 766.) The gift to the widow is in lieu of dower and must be liberally construed. She was the primary object of the testator's bounty. It is clear that he intended that she should have $25,000 a year during her life before the children should receive any of the income.

The parallel between this case and *Spencer* v. *Spencer* (38 App. Div. 403) is almost exact. There as here there was a gift of $25,000 a year from income to the widow with a gift over of the surplus income. The gift was also in lieu of the widow's dower. In holding that the widow was entitled to receive the deficiencies of past years from future accruing income, the court pointed out that the gift to her should be construed most favorably.

I hold, therefore, that the gift to the widow is a charge on the entire income and the deficits in the payments to her should be made up from future accruing income. (*Matter of Chauncey,* 119 N. Y. 77; *Spencer* v. *Spencer,* 38 App. Div. 403; *Cochrane* v. *Walker,* 4 Dem. 164.)

A further question is raised as to the gift to the widow. Should she die before the deficiencies in the payments to her have been made up is her estate entitled to the payment of such deficiencies and if so from what source?

This question is clearly academic and will be reserved for determination if and when the necessity therefor arises. (*Matter of Mount,* 185 N. Y. 162; *Matter of Hance,* 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Von Bermuth,* 127 Misc. 705.)

After providing for the payment of income of $25,000 a year to the widow and the equal division of the surplus income among the children, the will provides for the payment to the testator's sons of one-thirty-sixth of the principal of the trust as they attain the ages of thirty, thirty-five and forty. The will further provides however, " With respect to the payments out of principal to be made to any son of mine as is hereinabove mentioned, I direct that such payments shall only be made at the times above specified if the necessary money and cash can be realized without a sale of property

or securities at a sacrifice, but if payment cannot be made without sacrifice at that time, then I direct that the same shall be made to such son only at such time or times thereafter as in the judgment of my said executors, the survivor and survivors, successor and successors of them, payment can be made without sacrifice as aforesaid. When any son of mine shall have received payments out of principal as aforesaid, his share of the annual income shall be thereafter decreased proportionately."

One of the testator's sons has become thirty years of age. He seeks payment of one-thirty-sixth of the principal to him in cash or in securities or by a transfer of an undivided one-thirty-sixth of the entire principal to him which will entitle him to one-thirty-sixth of the income from the trust.

Under the language of the will the gift of principal to the sons on attaining specified ages is not absolute but is dependent on the discretion of the trustees and the condition of the estate. While the court will not interfere with the discretion of the trustees, the present circumstances of this estate would not seem to warrant any distribution of principal at the present time.

The testator's plan of distribution provides for a primary charge on the entire trust income of $25,000 a year for the benefit of the widow and for an equal division of the surplus income among the children. He has limited his daughters to income but has provided that his sons may receive principal on certain conditions. There is a clear intention, however, to preserve equality among the children except as to the sons' right to receive principal instead of income. The testator did not intend that his sons should receive principal or income while his daughters received nothing. The right of the children to receive income or principal is dependent upon the trust yielding income in excess of the amount required to pay the widow. The testator's son is, therefore, not entitled to any payment or transfer of principal until the trustees specifically elect under the terms of the will to make the payment or transfer. I hold further that the son is not entitled to income until such election has been made by the trustees.

There is one further question to be determined. The testator created two *inter vivos* trusts with income up to a certain amount payable to the beneficiaries. These trusts provide that the surplus income should be payable to the testator or to his executors if he be dead. The remainders of these trusts are likewise payable to the testator or his executors.

The testator specifically disposed of all his reversionary rights in the *inter vivos* trusts. In the fifth paragraph of the will he provided that the " principal or proceeds " of these trusts should be held by his executors in trust for his children.

There has been surplus income from the *inter vivos* trusts which has been accounted for as principal. This procedure is correct. The will gives all of the testator's reversionary rights in the *inter vivos* trusts to executors to be divided by them and held in trust for each child. This is a gift by the testator of an asset of his estate. It does not matter that the asset now received is in the form of income from an *inter vivos* trust. It would be principal upon its receipt by the testator in his lifetime and it is principal when received by his executors.

This decision has disposed of all the objections filed to the account. The application of one of the trustees for leave to resign is granted.

Submit decree on notice construing the will and settling the account accordingly.