In the Matter of the Judicial Settlement of the Account of Proceedings of BEATRICE L. HIRSHON, ADOLPH B. LICHTENSTEIN and WALTER HIRSHON, as Trustees under the Last Will and Testament of CHARLES HIRSHON, Deceased, and in the Matter of the Application of ADOLPH B. LICHTENSTEIN for Leave to Resign as Executor and Trustee under Said Will, and for a Construction of Paragraph "Fourth" of Said Will.*

WALTER HIRSHON, Individually, HELEN H. LICHTENSTEIN, MARION H. SIEGBERT and LEWIS HERSHON, Appellants; RENE SELIGMANN, as Executor, etc., of EVELYN H. SELIGMANN, Deceased, BEATRICE L. HIRSHON, Individually, THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, JULIUS L. NEIDLE and FRANCIS L. KOHLMAN, as Trustees and Assignees of BEATRICE H. GERSTMAN, BEATRICE H. GERSTMAN, PHILIP J. DUNN, Special Guardian of RHONIE B. DENZER, ALAN R. DENZER, MARION B. LICHTENSTEIN, ROBERT LICHTENSTEIN, PATRICIA SIEGBERT, CLAIRE SIEGBERT and JOAN HIRSHON, Infants.

First Department, June 11, 1937.

_____

* Modfg. and affg. 160 Misc. 311.

*James D. Froelich*, for the appellants Lewis Hirshon and Walter Hirshon, also for the appellants Helen H. Lichtenstein and Marion H. Siegbert.

*Julius L. Neidle* of counsel [*Max Taylor* with him on the brief; *Neidle & Taylor*, attorneys], for the respondent Beatrice H. Gerstman.

*Herbert S. Brussel* of counsel [*Brussel & Beebe*, attorneys], for Beatrice L. Hirshon and Walter Hirshon, as trustees under the last will and testament of Charles Hirshon, deceased, respondents.

*Philip J. Dunn* of counsel [*Sumner B. Stiles* with him on the brief], as special guardian for the infants, respondents.

DORE, J. This is an appeal from a decree of the Surrogate's Court, New York county, involving the construction of the will of Charles Hirshon, and objections filed to an accounting of his trustees. The testator was survived by his widow and six children, five children of a previous marriage, and one (Beatrice H. Gerstman) a child of the second marriage.

We deem it necessary to discuss only the issues raised by the construction of that part of paragraph fourth of the will which provides for the payment of $25,000 per annum to the testator's widow and the balance to his children.

Paragraph fourth provides for a trust of the residuary estate and directs that during the lifetime of the testator's wife the trustees are to collect the income and pay the net income " so collected and received by them in each year " as follows: To his wife $25,000 " per annum in quarterly installments," and thereafter to divide the balance of " annual net * * * income " equally among the testator's children.

The trust did not produce $25,000 per annum. The widow contends she is entitled to make up deficits in past years out of future accruing income. In this contention her own child, Beatrice H. Gerstman, supports her. The testator's children by his prior wife contend that deficiencies in the widow's allowance in any year should not be made a charge on all future years. The surrogate held that the provisions for the widow were in lieu of dower; that, therefore, the gift to her should be most favorably construed; that she was the primary object of the testator's bounty and he intended she should have $25,000 a year during her life, before the children should receive any part of the income; that such allowance was a charge upon the entire income and not computed year by year, and cited, in support of his ruling, *Spencer* v. *Spencer* (38 App. Div. 403); *Matter of Chauncey* (119 N. Y. 77) and *Cochrane* v. *Walker* (4 Dem. 164).

We consider the decree in the prior accounting is not *res adjudicata*. The petition therein did not pray for any construction and the amendment to section 145 of the Surrogate's Court Act by chapter 642 of the Laws of 1933 did not become effective until after the proceedings were instituted. Relying on the failure to ask for any construction and not contesting at that time the items in the accounting, the children defaulted, and the parties, other than the special guardian, had no notice of the proposed decree or its settlement. The learned surrogate did not rely on that prior decree as *res adjudicata*, but decided the question on its merits, and we will do likewise.

The issue presented is whether the testator intended that the gift of $25,000 was to be a charge upon the entire income, requiring deficits in any year to be made up from future years, or whether it was a charge upon the annual net income in each year.

It is to be noted that the will provided the widow with two homes, one in the city and the other in the country, with expenses of upkeep and maintenance paid out of the estate; that when the will was made and when the testator died five of his children were the issue of his first wife, and the relationship of parent and child did not exist between them and the widow; some of the children were infants and the testator provided for their support and maintenance during infancy.

The decree appealed from has construed the will to mean that the widow is entitled to $25,000 in every year, and that deficiencies must be made up out of future income. Indeed, a further question was raised, whether, if the widow died before all deficiencies were made up, her estate would be entitled to payment. This the surrogate properly refused to decide as academic since the widow

is still living, but the claim obviously will be made if the contingency arises.

The present decree gives the widow a prior lien on the entire estate, which may debar the testator's children — some of whom have reached the age of thirty years — from any share in the estate during their lives.

The test, in any case requiring construction of a will, is the intention of the testator. Did he intend that the gift should be a charge upon the net income of the whole fund rather than upon the income from year to year? In our opinion a reading of the entire will, together with the language of the particular clause in question, indicates that the testator intended to pay the *annual* income each year up to $25,000 to the widow rather than to pay the net income on the whole fund up to $25,000 a year during her life. By the express language of paragraph fourth the trustees are directed to collect the net income and to pay out of such net income "so collected and received by them *in each year*," to the wife $25,000 " per annum in quarterly installments " and to divide the balance " of *annual* net rents, issues, income and profits " among the children. We consider that the language of this will is materially different from that in *Spencer* v. *Spencer* (*supra*), and that the other authorities relied on are also distinguishable. In the *Spencer* case the direction was " to pay the net income thereof up to $25,000 per annum * * * to my said beloved wife during her life in equal quarterly payments." Neither in that case nor in the other cases cited was there language indicating an intention to restrict the financial period to the annual period, or referring, as does the present will, to the income " collected and received * * * in each year." We hold that the payment to the widow was not intended to be a charge generally on the income, and the surrogate's decree should be modified accordingly.

We consider that the surrogate correctly disposed of all other issues here raised and that, except as modified, the decree, so far as appealed from, should be affirmed.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Decree, so far as appealed from, unanimously modified as indicated in opinion, and, as so modified, affirmed. Settle order on notice.