In the Matter of the Estate of HELEN R. STETSON, Deceased.

Surrogate's Court, New York County, June 13, 1938.

*Iselin, Riggs, Ferris & Mygatt* [*Morris Douw Ferris* and *Emmett W. Poindexter* of counsel], for the executors, petitioners.

*Frederick A. Wiehl* [*Harry H. Roffman* and *Joseph L. Stein* of counsel], for William Hansler, objectant.

*Gifford, Woody, Carter & Hays* [*Herbert P. Carter* of counsel], for Gertrude S. Guiler, objectant.

*Harison & Hewitt* [*William Harison* of counsel], for The General Theological Seminary of the Protestant Episcopal Church in the United States.

*Harrison, Elliott & Byrd* [*Robert W. B. Elliott* of counsel], for the University of the South.

DELEHANTY, S. An objection was filed in this proceeding by a chauffeur who had been in the employ of deceased. The uncontroverted facts are that in 1933 the chauffeur owned a Packard automobile having a trade-in value of $800. Deceased aided the chauffeur to buy a Lincoln, the price of which was $1,950. For this purchase she advanced $1,150 to the chauffeur. To secure the loan she took back a chattel mortgage on the Lincoln. By the arrangement the chauffeur was to repay this advance at the rate of $50 per month. On this basis he repaid $550, leaving a balance of $600 due at the time of deceased's death. This sum the executors deducted from the legacy of $1,000 given in the will to the chauffeur. The executors assumed that the transaction was what it seemed to be as evidenced by the chattel mortgage and the fact of installment repayments on the amount of the loan. Objectant sought to prove that the understanding of the parties was that in the event of deceased's death the estate would take title to the car and would reimburse him for the value of the Packard plus the amount which he had repaid to deceased on account of the loan which she had made to him. His claim, therefore, is for $1,350. The court disallows this claim in all respects. The asserted understanding is wholly contradicted by the nature of the chattel mortgage and the actions of the parties pursuant thereto. There is no merit in the claim. The objection is overruled.

A further question is raised by the objection of Gertrude S. Guiler, the income beneficiary of a trust consisting of forty per cent of the residuary estate of deceased. It appears that Henry C. Richards, a Massachusetts resident, died in 1903. By his will he created a trust fund for the benefit of his two daughters, of whom deceased was one. On the death of either daughter without issue he provided that her share in the income should be paid in equal shares to his son Francis and the surviving daughter. The testatrix was the first daughter of Henry C. Richards to die. She had no issue. Her brother Francis, however, had predeceased her. By his will he gave his entire estate to his two sisters. The income, therefore, to which the son was entitled under the elder Richards' will passes through the son's estate and to the extent of one-half thereof comes to the estate of this deceased. The objectant, Gertrude S. Guiler, contends that this income is not a capital asset in the estate of deceased but should be treated as income distributable to the various income beneficiaries of deceased. Reliance is placed by objectant on the terms of deceased's will which does not in express terms dispose of this particular asset. Her will has a comprehensive residuary clause, however, which does determine the devolution of this asset. Under this residuary clause the income in

question in the estate of Francis Richards becomes principal in the estate of testatrix and it is as principal that it is to be treated when received. The rule is stated in *Matter of Hirshon* (160 Misc. 311, 315; affd., on this point, 251 App. Div. 546). To the same effect see *Matter of Kernochan* (N. Y. L. J. June 26, 1937). This objection is accordingly overruled.

Pursuant to the fifth paragraph of the will all taxes " that may be imposed by any State or by the United States upon any and all legacies bequeathed in this will," are payable from the general estate. It was the object of the testatrix that " all said legacies, trust estates and income may be paid over unimpaired " by tax payments. It follows that all taxes are payable from the general estate and a proration pursuant to section 124 of the Decedent Estate Law is unnecessary.

In the absence of objection the agreement of March 19, 1938, respecting trustees' commissions and allied matters is approved.

Submit, on notice, decree construing the will and settling the account accordingly.