## In the Matter of the Estate of THEODORE STANFIELD, Deceased.

Surrogate's Court, New York County, January 24, 1939.

*White & Case*, for the executors.

*John E. Mack*, for Susette M. Stanfield.

*Dean, King, Smith & Taylor*, for Otto M. Stanfield, Marion Stanfield and Harriet B. Boas.

*McLaughlin, Russell & Bullock* [*Frederick C. McLaughlin* and *Ralph A. Bullock* of counsel], for Charlotte S. Littell.

*Maclay & Williams* [*Mark W. Maclay* of counsel], for the President and Trustees of Williams College.

*Adrian P. Burke*, special guardian of infant.

*Gregory F. Noonan* [*Herbert J. Deitz* of counsel], for Children's Charitable Union.

DELEHANTY, S.  In this proceeding by the executors to obtain a construction of the will of deceased the sole question presented is whether Federal and State estate taxes are included in the words " all expenses " as such words are used in paragraph sixteenth of the will.  Decision on the point is necessary because of the finances of the estate.  The balance left for distribution, prior to taxes but after payment of debts and all expenses of administration, is sufficient (if taxes are disregarded) to set up in full all of the trusts and to provide in full for all of the outright legacies provided for

in the will of deceased. If, however, paragraph sixteenth of the will means that the executors are constrained to set up the respective trusts and to pay the respective outright legacies without deduction of any estate tax therefrom the order of priority prescribed in the stated paragraph of the will will result in the abatement of a part of the legacy in trust under paragraph eighth of the will and in the total abatement of all of the legacies in trust and outright under paragraphs ninth, tenth, twelfth and thirteenth of the will.

The sixteenth paragraph of the will says: " I direct that, with regard of the various bequests and trust funds hereinbefore set forth, my Executors set aside the various sums necessary for such purpose seriatim and in the order in which I have mentioned the same, and that my said Executors — should there be a deficiency of assets — continue setting aside and paying such funds until the corpus of my estate, after deducting all expenses in connection therewith, shall have been exhausted, and, when that point has been reached, any trust fund or legacy thereafter provided for in this, my Will, shall lapse and become null and void and of no effect."

The widow of deceased receives the following benefits under the will: (a) a specific legacy of certain furniture and personal belongings under the first paragraph; (b) the income for life on a trust fund of $500,000 under the third paragraph; (c) the income for life on $250,000, under the fourth paragraph if she survives deceased's daughter and if the latter dies without issue, and (d) the income for life on $150,000 after the death of deceased's mother under the seventh paragraph. Deceased's mother predeceased him.

The daughter of deceased is beneficiary of the following provisions: (a) under the second paragraph, gifts of tangible personalty originally owned by her mother; (b) under the third paragraph a secondary life estate in the $500,000 trust fund set up for the widow of deceased; (c) under the fourth paragraph a primary life estate in a fund of $250,000, the widow having a contingent secondary life use therein; (d) under the fifth paragraph an outright gift of $25,000; (e) under the sixth paragraph the income for life on a fund of $60,000; (f) under the eighth paragraph the income for life on a fund of $75,000 if she survives her uncle George; and (g) under the tenth paragraph the income for life on a fund of $10,000 if she survives her aunt Harriet.

The mother of deceased is granted under clause seventh of the will the income for life on a fund of $150,000; a secondary life use therein having been granted to deceased's widow. As already stated, deceased's mother predeceased him.

The brothers and sister of deceased are provided for in paragraphs eighth, ninth and tenth of the will. Under paragraph eighth a

brother George is given the income for life on a fund of $75,000; a secondary life use in this fund being granted to deceased's daughter. Under paragraph ninth a brother Otto is given the income for life on a fund of $75,000; a secondary life use being granted to Otto's wife if she survives him. Under paragraph tenth a sister Harriet receives for life the income on a fund of $10,000; a secondary life use therein being granted to the daughter of deceased

Deceased's daughter is married and has living issue. The will provides for the daughter's issue and for various charities, chiefly out of remainder interests in the respective trusts.

The will of deceased is dated February 19, 1927. Deceased died July 5, 1938. At the date of the will the transfer tax law of the State of New York was effective. There was also then in effect the United States Revenue Act of 1926 which imposed a Federal estate tax. There was also in effect article 10-B of the State Tax Law which gave to the State the full benefit of the provision in the Federal Estate Tax Law permitting a State to receive eighty per cent of the Federal estate tax. Section 124 of Decedent Estate Law was not in effect at the date of the will. Nevertheless it is operative in respect of the estates of persons dying after its effective date, September 1, 1930. (See *Matter of Ryle,* decided simultaneously herewith, 170 Misc. 450.) It is established law that a testator is deemed to know that his estate will be subject to estate taxes in effect at the time of his death. (*Matter of Duryea,* 277 N. Y. 310.)

Having in mind the fact that at the time the testator made his will and chose the terms of his paragraph sixteenth the chief tax burden was the transfer tax which imposed upon individual legatees the duty to make payment of tax in accordance with the benefit received and having in mind the normal meaning of the word " expenses," the court holds that the mandate of section 124 of Decedent Estate Law applies to this will and to the legatees thereunder and holds that taxes must be prorated. The court holds that the direction for setting up the funds " seriatim " may be fully effectuated and the whole of the separate funds set up. When so set up the respective funds are to contribute ratably pursuant to the direction of the Decedent Estate Law. This conclusion is supported by authority. (*Matter of Parsons,* 258 N. Y. 547, affg. 234 App. Div. 625.) In the cited case the words used were " necessary charges." It was held that these words did not relieve the legatees and devisees from the payment of the transfer tax. That ruling was affirmed by the Court of Appeals. While the latter court divided on the question of charging debts and expenses upon the residuary estate the court was unanimous in holding that the

taxes were not so chargeable but must be borne by the respective beneficiaries.

From the recital of direct and contingent benefits accruing to deceased's widow and to his daughter and her issue it is apparent that they respectively will be recipients of adequate support even after their legacies contribute ratably to the taxes imposed on the estate. The comparatively minor provisions for the brothers and sister of deceased are not in these circumstances to be completely destroyed. The testator is presumed to have intended that all his legatees should benefit (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313, 322; *Matter of Neil*, 238 N. Y. 138, 140; *McGoldrick* v. *Bodkin*, 140 App. Div. 196, 199) and the court does not find in this will any preferential scheme which reaches to the point of freeing any legacy from the tax burden.

Accordingly, the court holds that the will of deceased contains no direction that the respective legacies be set up free of tax and holds that the statutory direction for apportionment of death taxes (Dec. Est. Law, § 124) is applicable to this estate. The apportionment of the New York estate tax must take into account the exemptions granted to the widow and to the issue of deceased under the New York Tax Law.

Submit, on notice, decree accordingly.