In the Matter of the Estate of ROBERT J. McMANAMY, Deceased.

Surrogate's Court, Kings County, October 25, 1939.

*Francis J. McManamy, Jr.,* for Robert J. McManamy, Jr., as executor, etc., petitioner.

*Edward K. Kennedy,* for Eleanor McManamy Tessier, legatee, respondent.

WINGATE, S. The present proceeding seeks two varieties of relief, the *first,* for permission to purchase, from an insurance company, an annuity in compliance with the directions of item " seventh " of the will, and the *second,* for apportionment, under section 124 of the Decedent Estate Law, of the estate taxes which have already been paid to the State and Federal taxing authorities.

An adequate demonstration has been made of the propriety of the grant of both types of relief, and no opposition has been interposed, other than to the method of their accomplishment. The methods proposed by the petitioner in both connections are, however, deemed improper by one of the persons interested in the residue of the estate.

The executor has secured certain figures respecting the payment required by one of the leading insurance companies for the purchase of an annuity which apparently corresponds in all particulars with the gift made in the will. The cost thus required is $5,235. His opponent asserts that another company is willing to enter into a contract for $4,710.35. This contract, however, does not conform to the testamentary direction, and the court is less informed respecting the financial stability of the company offering it.

In view of the composite situation, it is the duty of the executor to purchase an annuity complying with the terms of the will from *some* company. The selection of the particular company is a part of his duties and this must be performed with the diligence and prudence which is required of all of the acts of every fiduciary. (*McCabe* v. *Fowler,* 84 N. Y. 314, 318.)

One of the considerations which must obviously be taken into account in the determination, is the cost. This is, however, by no means the sole factor. The reliability of the contractor is also a

question requiring rigid scrutiny. The executor should purchase a contract complying with the terms of the will at the lowest cost which is compatible with as nearly absolute dependability of the contractor as reasonable foresight will permit. He will not have complied with his obligation if he merely purchases from the lowest bidder on the one hand, or if he accepts the figure of a widely recognized insurer, without general inquiry, on the other. The problem facing him is not a pleasant one, since it involves potential criticism either by the annuitant or by the other beneficiaries of the estate. Its solution was, however, one of the duties which he assumed by the acceptance of letters executory, and for which remuneration is allowed to him.

The manner in which the estate taxes shall be apportioned presents an issue of law. The formula for use in this regard which is advocated by the petitioner is predicated upon the benefits which devolved to the three residuary legatees upon the death of the decedent. His opponent, however, asserts that this manner of allocation is improper, and that despite the fact that the petitioner receives less under the terms of the will than his brother and sister, he should be compelled to pay the same amount of tax as they.

This somewhat unusual contention is predicated on the fact that the petitioner received from the testator, during the lifetime of the latter, an advance of $15,000, reference to which is made in the will in the wording of its dispositive provisions.

The " twelfth " item of the testamentary document gives the residue of the estate in equal shares to the testator's three children, Eleanor, Robert and Charles. The " eighth " item, however, specifies: " The total amount of Fifteen Thousand Dollars ($15,000.00) money advanced by me to my son, Robert J. McManamy, Jr., up to the time of my decease, is to be deducted from the share of my estate to which he will be entitled. I direct that no interest on such advance shall be charged against my said son, Robert J. McManamy, Jr."

It is conceded that no account was taken in either of the estate tax proceedings of this $15,000 asserted to have been received by Robert during his father's life. It was not deemed a gift in contemplation of death and the amount was not included in the gross estate upon which the estate tax calculations were made.

The contentions of the respondent are, in substance, two in number, namely, *first,* that, by the terms of the will, the testator evinced an intention to deal with all three children equally, that if the tax were apportioned in accordance with the formula of the statute, such equality would not result; and *second,* that in compliance with the mandate of the statute, it is the duty of the surrogate to pro-

rate the tax " equitably " and that a proration which would result in a smaller net receipt by one beneficiary as compared with another, does not comply with this description. These two positions will be examined in order.

Assuming it to have been the intention of the testator that the total of the gifts made by him to each of the children should equal that to each of the others, and granting that Robert received the $15,000 during his life, of which there is no proof, equality of gift is precisely what has occurred. The gift to each will be identical in amount. The sum which passed from the testator to each did not differ by one cent from that which passed from him to each of the others. The modes in which the several gifts were made, however, differed. In the one case the sovereign imposed no impost on the act of gift. In the others it did, since the effect of section 124 of the Decedent Estate Law produces the result that the tax imposed on decedent devolution becomes one upon the right of the particular beneficiary to receive the thing given, in a manner identical with that which occurred in respect of the old transfer tax. This, however, furnishes no reason why a part of the tax imposed by law upon one recipient of bounty should be impressed upon another, against whose benefit the sovereign did not elect to assess it.

As a strict matter of construction of the will, however, it is far from certain that the purpose of the " ninth " item was to effect absolute equality. Read with the balance of the document, it is equally plausible to assume that this direction was no more than the assignment of a reason by the testator as to why he was according greater testamentary benefits to Eleanor and Charles than he did to Robert.

In any event, it has uniformly been determined that the provisions of section 124 of the Decedent Estate Law indicate a State policy for apportionment according to its terms, which, whereas capable of testamentary reversal (*Matter of Duryea*, 277 N. Y. 310, 316; *Matter of Stetson*, 168 Misc. 836, 838), requires a clear expression in the will for this purpose (*Matter of Walbridge*, 170 Misc. 127, 128), in which connection the testamentary document is subject to strict construction. (*Matter of Clark*, 169 Misc. 202, 208.)

No provision is included in the present will directing that the taxes in respect of the property devolving pursuant to its terms shall be treated in a manner other than in accordance with the dictates of the State policy, as announced in the statute, wherefore, the express exception therein contained justifying disregard of its terms is not here applicable.

The second argument, respecting the authority of the court to vary the formula of section 124 of the Decedent Estate Law as to

the manner of apportionment, to suit its, or a litigant's, opinion of what is equitable in a given situation, is capable of ready disposal. In writing respecting a similar contention, the Appellate Division for this department said: "We have here a mere delegation of administrative detail to apportion taxes in conformity with a standard which prescribes with precision the proration of the taxes and the manner of computation thereof. * * * The determination of the tax apportionment by a definite formula has been made by the Legislature and its action in this respect is final * * *, and amelioration thereof is a legislative and not a judicial matter." (*Matter of Mollenhauer*, 257 App. Div. 286, 288.)

It follows that the proration of taxes must be predicated solely on the property of the decedent which was included in the gross estate for tax purposes, and upon the portions thereof which devolved to the several legatees upon the death of the testator.

Enter decree on notice in conformity herewith.