In the Matter of the Judicial Settlement of the Account of THE NATIONAL BANK OF WESTFIELD, as Trustee of the Last Will and Testament of JENNIE J. SKINNER, Deceased. THE NATIONAL BANK OF WESTFIELD, as Trustee, etc., Respondent; SCHUYLER P. SKINNER, LEONARD H. SKINNER, by Special Guardian, Appellants.— Decree reversed on the law and new trial granted, with costs to appellants to abide the event payable out of the estate. Memorandum: The National Bank of Westfield was appointed executor and trustee of the last will and testament of Jennie J. Skinner. The will was admitted to probate by the Surrogate's Court of the County of Chautauqua on the 29th day of June, 1928, and the executor named in the will duly qualified. A trust was created in paragraph three of the will. In 1931 a decree was made by the Surrogate's Court of Chautauqua County "finally and judicially" settling the account of The National Bank of Westfield, as executor, and directing that the balance remaining in the estate be paid by the executor to The National Bank of Westfield, as trustee. The present proceeding was brought by The National Bank of Westfield, as trustee of the estate of decedent, which filed a petition stating that it was about to resign as trustee of the estate of decedent, and asking that its account be judicially settled and allowed, and that paragraphs three, four, five and six be judicially construed and the legal effect thereof determined. The surrogate made a separate decision as to the portion of the petition which asked for the construction of the will, and denied the petition in that respect upon the ground that the question of the validity of the trust had been decided in the proceeding for the judicial settlement of the account of the executor. In his opinion he further said: "The question of whether this is a valid trust was then presented to this court, duly adjudicated and decided and no appeal was taken from the decree entered." Of course, if such question was raised and decided, the decree entered thereon would constitute an estoppel. (*Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525, 539; *Gedney* v. *Marlton Realty Co.*, 258 id. 355, 364.) The burden of showing that such question was litigated and determined in the accounting proceeding was on the party asserting it, and there must be a final judgment or decree, as verdicts or findings are not sufficient. (*Rudd* v. *Cornell*, 171 N. Y. 114, 127.) If the decree in the accounting proceeding were an intermediate decree, it would not be an estoppel (*Matter of Jackson*, 258 N. Y. 281, 288) unless the amendment of 1933 to section 145 of the Surrogate's

Court Act should be held to be retroactive. There are decisions holding such amendment not to be retroactive. (*Matter of Hirshon*, 251 App. Div. 546, 548; *Matter of Heubach*, 165 Misc. 196, 200.) The trouble with the finding of the surrogate that the question of the validity of the trust provisions in the testatrix's will was previously adjudicated and decided, is that there is not in the record a particle of evidence to support such finding. Under the circumstances the decree should be reversed and the matter remitted to the Surrogate's Court of Chautauqua County, with direction to try the issue as to whether the question of the validity of the trust provisions in the testatrix's will was litigated and determined in the accounting proceeding. All concur, except Crosby, P. J., who dissents and votes for affirmance. (The decree denies application of the trustee to construe parts of will of decedent in a proceeding to construe a will.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.