Joseph A. Cox, S.
In this proceeding for the judicial settlement of their intermediate accounts, the trustees of the residuary trusts have petitioned the court for construction of article fourth of the will in which the testator made the following provision for the payment of designated portions of the principal of the trust for the benefit of his widow:
U * *
‘1 Further, I direct my executors and trustees, the survivor and survivors, successor and successors of them, if during the lifetime of my said wife, any son of mine shall arrive at the age of thirty years, to pay to him upon his arrival at that age 1/36 of the principal of the entire trust fund, for him to have and to hold the same absolutely and forever, and when such son, during the lifetime of my wife, shall arrive at the age of thirty-five years, to pay to him in the same manner a further 1/36 of the principal of the entire fund, and when, during the lifetime of my wife he shall arrive at the age of forty years, to pay him in the same manner an additional 1/36 of the principal of the entire fund. With respect to the payments out of principal to be made to any son of mine as is hereinabove mentioned, I direct that such payments shall only be made at the times above specified if the necessary money and cash can be realized without a sale of property or securities at a sacrifice, but if payment cannot be made without sacrifice at that time, then I direct that the same shall be made to such son only at such time or times thereafter as in the judgment of my said executors, the survivor and survivors, successor and successors of them, payment can be made without sacrifice as aforesaid. When any son of mine shall *809 have received payments out of principal as aforesaid, his share of the annual income shall be thereafter decreased proportionately. ’ ’
Paragraph “ fourth ” then concludes in subdivision “ (b) ” with a direction for disposition of the remainder upon the death of his wife to his then living children and the issue of children predeceased.
The issue in controversy concerns the nature of the interest acquired by the sons upon the attainment of the age levels designated by the testator. Because of the fact that the trust consists largely of real estate holdings which the trustees could not profitably liquidate, the condition imposed by the testator upon the right of the sons to payment of the specified portions of principal has never been fully satisfied and payments have been made only from the liquid trust assets.
The widow of the deceased whose life measures the term of the trust has survived three of her children including a son Lewis who died subsequent to the attainment of his fortieth birthday. It is the contention of Lewis’ executor that despite the fact that the discretion permitted the trustees to make payment of the sums directed by the testator has never been completely exercised by them, nevertheless, by attaining the designated age levels, Lewis acquired a vested interest in the principal which survived his death in favor of his estate. It is the position of the trustees that because of the fact that full payments were not made during his lifetime, a further interest in principal never vested in him and the directions in the will for the disposition of the remainder to his issue or other persons became effective on his death.
The trustees and a daughter of the deceased urge upon the court a ruling heretofore made by Mr. Surrogate Foley in support of their argument that the Surrogate is foreclosed from considering the question at this time because the law of the estate has been established in respect of the issue framed by the petition. That decision (Matter of Hirshon, 160 Misc. 311, 314, mod. on other grounds 251 App. Div. 546) held that the gift of principal to the sons upon their attainment of the specified ages “is not absolute but is dependent upon the discretion of the trustees and the condition of the estate.” The court does not accept the view that the issue now raised in res judiGata by reason of the rulings then made which were confined to the then existing circumstances. The court, however, finds itself in complete agreement with the reasoning adopted by Mr. Surrogate Foley that two conditions had to be satisfied before any right to payment came into being: first, arrival at a specified age and *810 second, a condition in the financial position of the trust estate which would permit payment of the amounts directed without loss or sacrifice of the value of principal assets. The testator was not insistent that both of these conditions be met precisely at the time a son became of age for the testator authorized payment to be made thereafter provided the trustees, in the exercise of their discretion, determined that the financial condition of the estate warranted such action. Here again the testator imposed a condition which he considered essential to his testamentary plan. Since the conditions stated in the will were not met during the lifetime of Lewis, his right to payment never matured and he was never in a position to demand payment from the trustees for, as is agreed by all of the parties, there has never been a suggestion of abuse by the trustees of the discretion reposed in them under the will. For this reason, Lewis acquired no interest which could pass to his estate.
It appears quite obvious, not only from the contingent disposition of the trust remainder but also from the direction that the trust income of sons receiving principal payments be decreased proportionately, that the testator contemplated that such principal payments, if any, were to be made in the lifetime of a son asserting a claim to payment and that the testator had no purpose to benefit the estate of a deceased son. Had the testator had such latter objective he would not have made the remainder gifts to his sons contingent upon their survival of the trust term.
A decree may be submitted on notice settling the account as filed, construing the will in accordance with the foregoing, authorizing the resignation of Beatrice L. Hirshon as trustee and appointing as .her successor the individual designated by the petitioners.