Joseph A. Cox, S.
In this proceeding for construction of the will the court is asked to define the nature and extent of the *275 remainder of the residuary trust passing in accordance with the instructions contained in the following text and to determine whether the interest of the testator’s son in the bequest was vested and not defeated by his failure to survive his mother, the life beneficiary. “ Fourth: All the rest, residue and
remainder of my estate, real, personal and mixed, of every kind and nature and wheresoever situated, I give to my executors, in trust however, for the following uses and purposes, that is to say, to invest and keep the same invested and pay all the income thereof to my wife, millie jacob, during her natural life for her maintenance and support and the maintenance and support of our son, Herbert allen jacob ; on the death of my wife, to continue to invest and keep the said trust estate invested, and to pay the net income thereof to my son, Herbert allen jacob, until he arrives at the age of thirty-five years, when the trust shall cease, and all the property embraced therein shall be paid to him. On his death before then, leaving issue, I give the same to his issue. In default of issue, I give the same as follows: one-fifth to my brother, hoses, one-fifth to my brother, ehanhel, one-fourth to my sister, tillie warsher, one-tenth to my sister, jennie bleyer, one-tenth to my brother, ben, and one-twentieth to my nephew, bert Israel, son of my deceased sister, birdie. If any of them are not then living, I give the same to his or her issue, then living, and in default of issue to his or her next of kin then living.” (Emphasis added.)
Herbert Allan Jacob died in September, 1958, as the age of 54 survived, as has been noted, by his mother, the life beneficiary of the trust, and by his wife and two children. In addition to these he was survived by a number of the persons named as remaindermen in the alternative designated by the testator. It is the contention of his widow as the executrix of his estate that her husband’s interest in the trust vested upon the death of the testator and became indefeasible upon his arrival at the age of 35 despite the fact that he has predeceased his mother. The special guardian for his infant daughter insists, on the other hand, that the interest was contingent upon fulfillment of both of the conditions assertedly imposed by the will, namely, the remainderman’s survival of the life beneficiary and attainment of the designated age. In this position the special guardian is joined by the petitioning cotrustee who instituted the proceeding at this time, despite the fact that the life estate has yet not terminated, in order to enable the executrix of the son’s estate to obtain a determination of her husband’s interest under the will so as to make it possible for her to know whether it is taxable in Ms estate.
*276 In all material respects the will here for construction is identical with that which was the subject of the decision in Matter of Bostwick (236 N. Y. 242). There the testator created a testamentary, trust for the benefit of his wife for life with the income payable thereafter to his son £< until he shall arrive at the age of twenty-one years.” From that time forward the income from one half of the corpus was to be paid to the son with the balance of the principal payable to him outright, the will providing: 1 ‘ And upon the death of my said son to convey, assign and deliver all the estate then held in trust, be it the whole or one-half part thereof as aforesaid, to the lawful issue of said Albert C. Bostwick share and share alike, or in default of such issue to the next of kin of said Albert C. Bostwick.”
Albert C. Bostwick died at the age of 33 survived by his mother and upon those facts, indistinguishable in their consequences from those here, the court held that his remainder never vested because of his failure to satisfy the second of the dual conditions imposed by the testator which required not only attainment of the designated age but survival of the life tenant as well. The court said at page 246: “ Majority did not give an indefeasible title to the half without survivorship at the end of the primary trust, and survivorship did not give it without the attainment of majority. The son satisfied one and only one of the prescribed conditions. If he had reached twenty-one and had survived his mother, half of the estate and not the whole, would have been held in trust at his death, and only half in that event would have gone to his issue.”
Those who oppose the adoption of the Bostwick conclusion in this case do so upon the ground that the direction that the income be paid ££ to my wife, Millie Jacob, during her natural life for her maintenance and support and the maintenance and support of our son, Herbert allen Jacob, ’ ’ has the effect of vesting the remainder in the son. Cited in support of this argument are cases from the other jurisdictions which are said to hold that when a conveyor limits a remainder to a remainderman upon the attainment of a certain age and adds to that a provision giving the remainderman the income produced by the subject matter of the gift for the period of time between the ending of the prior estate and the remainderman’s attainment of the stated age, the remainder must be regarded as vested. Only one New York case, Dupre v. Thompson (8 Barb. 537 [1850]) lends support for this doctrine. But since a provision of the sort described in that rule was incorporated in the Bostwick will which would have given the income to the son for his minority had the mother died before he had attained the age of 21, it would appear that *277 the doctrine has not received the approval of the courts of this State and to the extent that Dupre v. Thompson (supra) is to the contrary it must be considered as having been overruled.
The court accordingly holds that the interest of the testator’s son in the remainder of the residuary trust was totally destroyed by his failure to survive his mother (Matter of Bostwick, supra; Matter of Hirshon, 15 Misc 2d 807). Since the trust has not yet-terminated no determination will presently be made as to the identity of the ultimate recipients of that gift (Matter of Trevor, 239 N. Y. 6; Matter of Mount, 185 N. Y. 162).
Submit decree on notice construing the will in accordance with the foregoing.