Joseph A. Cox, S,
In 1960 the testator created an inter vivos trust for the purpose of providing stated amounts of income to certain of his employees. The trust income in excess of the stated amounts was payable under the terms of the indenture to the testator. During his lifetime the testator received such surplus income and since his death there also has been excess income. In this proceeding to settle the account of the executors an issue exists as to the disposition of the excess yield following the testator’s death.
The trust indenture executed by the testator provides that the income in question be paid ‘1 to the legal representatives of his estate, to become a part thereof and to be dealt with and disposed of accordingly.” Identical language is employed in the indenture to dispose of the trust principal upon the trust’s termination. The indenture makes no distinction between the disposition of excess income and the ultimate disposition of the trust principal. All such payments are to the legal representatives to become a part of the estate and to be dealt with accord *1071 ingly, The testator’s will contains no explicit disposition of the excess income so received from the inter vivos trust.
The facts bring the present question within the ruling in Matter of Hirshon (160 Misc, 311, affd. 251 App. Div. 546). The only factual distinction is that in Hirshon the testator disposed of his reversionary rights and his rights to income by a direction in his will that the “ principal or proceeds ” of the inter vivos trust be held in a testamentary trust. In the case at bar the direction is found in the trust indenture and is that the inter vivos trust income and the settlor’s reversionary interest be treated in the same manner* both to become a part of his estate. This direction must be given its plain significance. By such treatment of the payments received by the executors from the inter vivos trustee the excess income loses its identity as income and becomes a part of the estate corpus. In this respect the testator’S direction is comparable to that considered in Hirshon and the ruling* in that opinion is a precedent. The holding in Matter of Stetson (168 Misc, 836) also is applicable.
The executors suggest that a departure from the cited oases is warranted by the provisions of the newly enacted Principal and Income Act (Personal Property Law, art. 2-A, § 27-a et seq.)- They urge that, as to excess income received after June 1, 1965, section 27-a (subd. 1, par. [c]) of the Personal Property Law is controlling and vests discretion in the executors to exercise their judgment as to the allocation of this receipt. That statute directs that allocation of receipts be made between principal and income, (a) in accordance with the terms of the controlling instrument, (b) in accordance with the provisions of the Principal and Income Act, or (e) if neither of the preceding rules be applicable, in accordance with what is reasonable and equitable in view of the interests of those entitled to income as well as those entitled to principal and in view of the manner in which men of ordinary prudence, discretion and judgment would act in the management of their own affairs. The Third Report of the Temporary ¡State Commission on the Modernization, Revision and Simplification of the Law of Estates recommended the Principal and Income Act and, in so doing, stated that subsections (a) and (b) referred to above are merely declaratory of existing law and subsection (c) is intended to cover instances which do not fall within either of the earlier subsections (N. Y. Legis. Doc., 1964, No. 19, p. 426). The report remarks that ‘ ‘ it is difficult to imagine what such situations might be ” but it is obvious that this rule of prudence can be applicable only in the absence of some better guideline. It is clear, and is so stated in the statute, that the Legislature did *1072 not intend to substitute ‘ ‘ fiduciary discretion for an interpretable direction of the creator of a trust”. It is held that the direction of this testator requires that the excess income received from the inter vivos trustee be regarded as a principal asset of the testator’s estate.
A factual basis for determination of the issue raised by the special guardian respecting the application of the “ household ” bank account does not exist and a hearing will be required at which evidence may be offered. At the same hearing proof will be received in support of the personal claims set forth in Schedule D-2 of the account.