CHESTER B. McLAUGHLIN ET AL., EXECUTORS (ESTATE OF FITZHUGH GREEN) *v.* MARGERY D. GREEN ET AL.

MALTBIE, C. J., BROWN, ELLS, DICKENSON AND ALCORN, JS.

Argued July 12—decided October 25, 1949.

*John D. Walker,* with whom was *Edwin F. Morse,* for the plaintiffs.

*William H. Timbers,* with whom were *Mortimer L. Doolittle* and, on the brief, *Francis P. Schiaroli,* for the named defendant et al.

*William Reeves,* with whom was *Edward G. Riggs,* for the defendants Fitzhugh Green, Jr., et al.

BROWN, J. This reservation raises the question whether the Connecticut succession taxes, the Connecticut estate taxes and the federal estate taxes payable with respect to certain inter vivos trusts established by Fitzhugh Green are to be borne ultimately by his testamentary estate or by the respective inter vivos trusts. We summarize briefly the stipulated facts material to our decision. Green died December 2, 1947, a resident of New Canaan, and his last will, dated August 8, 1940, was admitted to probate in the Probate Court for the district of New Canaan. He left

an estate in excess of $900,000, exclusive of the corpus of six trusts created by him during his lifetime, three in 1929 and three in 1933, with total assets aggregating $443,986.68. Under each trust, the income, at least after the death of the testator's first wife, was payable to him for life, and upon his death provision was made disposing of the remainder for the benefit of his children and their issue. No provision concerning the payment of taxes is contained in any of the trusts. The testator's first wife died and he married a second time. The testator's will makes no mention of the trusts inter vivos. With respect to the payment of taxes, it provides: "FIRST: I order and direct the payment of all succession, transfer and inheritance taxes from my residuary estate." The testator's surviving widow, Margery Durant Green, became the sole beneficiary under his will upon his death.

In brief, the distinction between an estate tax and a succession tax is that the former is a tax upon the transfer of property at death by a decedent, while the latter is, in its essence, a tax upon the right to receive property from the estate of a decedent. *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 217, 158 A. 245; *Ericson* v. *Childs,* 124 Conn. 66, 72, 198 A. 176. While the stipulation merely states that the trust assets "may" be included in the computation not only of the Connecticut succession tax but of the state and federal estate taxes as well, there seems little doubt that they will be. *Ericson* v. *Childs,* supra, 70. Prior to 1945, unless otherwise provided by will, succession taxes were an obligation of the recipients of the taxed property; *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 126, 187 A. 653, and see *Commercial Trust Co.* v. *Millard,* 122 N. J. Eq. 290, 295, 193 A. 814; but federal estate taxes were obligations of the testamentary estate only. *Ericson* v. *Childs,* supra, 81; *Morristown Trust Co.* v.

*Childs,* 128 N. J. Eq. 524, 529, 17 A. 2d 559; *Wells Fargo Bank & Union Trust Co.* v. *Older,* 50 Cal. App. 2d 724, 726, 123 P. 2d 873. The Connecticut estate tax is of the same nature and was also an obligation of the testamentary estate only. General Statutes, Cum. Sup. 1935, §§ 507c, 508c (Rev. 1949, §§ 2070, 2071). The enactment of §§ 315h and 316h of the 1945 Supplement to the General Statutes (Rev. 1949, §§ 2076, 2077) placed the obligation for estate taxes on the same basis as that for succession taxes, so that now all succession and estate taxes are obligations of the recipients of the taxed property unless otherwise provided by will or by inter vivos document. The plaintiff executors have the primary obligation of paying all succession and estate taxes, but the ultimate burden rests upon the beneficiaries. General Statutes, Cum. Sup. 1935, §§ 499c, 501c; Sup. 1945, §§ 315h, 316h (Rev. 1949, §§ 2052, 2060, 2076, 2077); *Hackett* v. *Bankers Trust Co.,* supra, 126; *Ericson* v. *Childs,* supra, 71, 79. Chapter 77 of the General Statutes, Rev. 1930 (Rev. 1949, c. 100) is entitled "Succession and Transfer Taxes." Section 1387 of the 1930 Revision (Rev. 1949, § 2051) provides that the tax imposed under it shall be due at the death of the transferor. Section 499c of the 1935 Cumulative Supplement (Rev. 1949, § 2052) specifies that, "except as provided by the provisions of a will, such tax shall be paid from property passing to the donee, beneficiary or distributee unless such recipient shall pay to the fiduciary the amount thereof." Section 315h of the 1945 Supplement (Rev. 1949, § 2076) provides that, when an executor has paid an estate tax, "the amount of the tax so paid, except when a testator otherwise directs in his will or when by written instrument executed inter vivos direction is given for [apportionment] within the fund of taxes assessed upon the specific fund dealt with in such inter vivos instrument, shall be

equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." Whether article first of the will constitutes a direction sufficient under these statutes to absolve the trust beneficiaries from the payment of any tax upon the trust property is the question to be decided.

"The controlling consideration here, as everywhere, in the construction of wills, is the expressed intent of the testator. As the practical effect of a provision making a legacy or devise free of tax is to increase the gift, and to shift the burden which the legacy or devise would ordinarily bear onto the shoulders of the residuary beneficiaries, the intent of the testator to make such a gift will not be drawn from vague or uncertain language. It must clearly appear." *Sherman* v. *Moore*, 89 Conn. 190, 193, 93 A. 241. "In seeking to determine this intent, we examine the language of the entire will in the light of the circumstances which surrounded the testator at the time he executed it, the real question being, not what did the testator mean to say, but what did he mean by what he did say." *Swole* v. *Burnham*, 111 Conn. 120, 122, 149 A. 229. In applying these general principles to determine the testator's intent as expressed in the will, the policy and purpose manifested by the statutory provisions quoted above must be kept in mind. The following comment by a New York court concerning the effect of a similar statute of that state is apropos here: "The legislative history of the statute as well as its language indicates that apportionment is the rule to which exception is allowed only if there be clear direction to the contrary. The purpose of the statute is equitable and reasonable to provide that those who receive benefits should normally bear their proportionate burden of the taxes and not impose them without clear direction on residuary

legatees who are often the testator's wife or children the natural objects of his bounty. We agree with the Surrogate to the extent of holding that the clause in question is at least ambiguous and in the absence of a clear and unambiguous direction against apportionment, the mandate of the statute must prevail." *Matter of Mills,* 272 App. Div. 229, 233, 70 N. Y. S. 2 d 746.

One important fact to be considered in resolving the ambiguity in this case is that no mention is made in the will of any of the inter vivos trusts although the testator had established them prior to its execution. In each of two cases, *Hackett* v. *Bankers Trust Co.,* supra, 127, and *Ericson* v. *Childs,* supra, 79, where the question was whether under a tax provision of the construed will an inter vivos trust, the property of which was included in the taxable estate, was obligated to bear a proportionate share of the succession tax, we held that the testator's failure to mention the trust in his will was an important fact in support of a conclusion that the trust was so obligated. The enactment of what are now §§ 2076 and 2077 renders the same reasoning applicable here to the question as to estate taxes also. In *Hackett* v. *Bankers Trust Co.,* supra, 128, we held that the inter vivos trusts rather than the testamentary estate should bear the burden of the Connecticut succession tax on them. In that case it did not appear that the trusts contained any provision as to the payment of taxes. In the opinion, after pointing out that in the absence of different direction in a will the succession taxes upon transfers by a decedent in his lifetime are to be paid from the property passing to the donee, we went on to say (p. 126): "The answer to the present question depends upon the construction and consequent effect to be accorded to the provision contained in the will of Samuel Cushing that 'All inheritance or transfer taxes shall be paid out of

the residue of my estate and shall not be charged against the separate beneficiaries.' Read by itself and considered independently, this provision, specifying, as it does, 'transfer' as well as 'inheritance' taxes, would be broad enough to include the taxes involved in this reservation, but if we regard the situation broadly, as we should, it is difficult to believe that the testator had them in contemplation. The will contains no mention of or reference to any prior transfers in trust made by the testator. . . . it would be difficult to believe that trusts which able counsel now so earnestly contend were so conceived and framed as to exonerate all the transfers effected thereby from the imposition of a tax, were within the intention of the testator when he made this testamentary provision. We think that in ascertaining the intent deducible from the clause in question these considerations outweigh the technical scope which might be accorded the words 'all inheritance or transfer taxes.' "

In *Ericson* v. *Childs,* supra, decided in 1938, the issue was whether the estate or an inter vivos trust should bear that part of the estate and succession taxes predicated upon the value of the trust. The will provided (p. 70): "I direct that all taxes and imposts, Federal or State, which may become due upon or in respect to my estate or any of the bequests of this my will, be paid from my residuary estate and considered as part of the general expenses of the administration thereof." The trust provided (p. 69): "The trustees are authorized and empowered to pay any and all proper costs, charges, and expenses arising hereunder including taxes. . . ." We held that the provisions were ineffective to change the then general rule that the estate taxes should fall upon the testamentary estate and the succession taxes upon the inter vivos trust. We stated that what we had said in the *Hackett* case was largely

applicable and further said (p. 79): "The will contains no reference to the trust fund or to any other property except that which passes under its provisions." The *Ericson* case is annotated at 115 A. L. R. 916. In that case the reason for attaching such significance to the testator's failure to mention the inter vivos trust is convincingly expressed (p. 76) by this quotation from Chief Justice Rugg's opinion in *Bemis* v. *Converse,* 246 Mass. 131, 134, 140 N. E. 686: "Courts cannot speculate concerning the intention of settlors and testators as to where they intend the burden of taxes to rest. The instrument as written must govern. Opportunity is freely open in framing trust deeds and wills to make full and accurate expression of desire and intention respecting the payment of taxes and the particular beneficiaries whose shares shall be exonerated from or bear that pecuniary exaction for the support of government. Specific provision on this point is familiar in wills and is not infrequently found in other instruments. In the absence of a definite declaration on the subject it must be presumed that the intention was that the ultimate weight of taxation must rest where the law places it. It cannot be presumed that anything else was intended than what is stated in the written instrument."

A comparison of the brief and general provision for the payment of taxes in article first of the will in the instant case with a draft designed to impose all taxes upon the residuary estate as approved by a joint committee of the State Bar Association of Connecticut and the Connecticut Bankers Association on August 1, 1946, vividly illustrates the truth of Chief Justice Rugg's statement and the failure of this will to show an intent of the testator to charge the trust taxes against the residue. The draft reads: "I hereby direct that all legacy, succession, inheritance, transfer and estate taxes, levied or assessed upon or with respect to any

property which is included as part of my gross estate for the purpose of any such tax shall be paid by my executor(s) out of my estate in the same manner as an expense of administration and shall not be prorated or apportioned among or charged against the respective devisees, legatees, beneficiaries, transferees or other recipients nor charged against any property passing or which may have passed to any of them and that my executor(s) shall not be entitled to reimbursement for any portion of any such tax from any such person." See also *Marks* v. *Equitable Life Assurance Society*, 135 N. J. Eq. 339, 343, 38 A. 2d 833. Undoubtedly a shorter and simpler clause, so worded as to make clear the testator's intent that all of the taxes upon his taxable estate be paid out of the residue, would suffice. It is our conclusion, in view of the considerations which we have discussed, that article first of this will failed to satisfy that essential and was therefore insufficient to effectuate that result.

The only authorities outside of our own decisions where a similar proration statute was involved to which counsel have referred are decisions by the New York courts. It is undisputed that there is a substantial conflict in the numerous decisions of the lower courts of that state, and a discussion of them would serve no useful purpose. The case of *Farmers' Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 488, 144 N. E. 769, although decided by the Court of Appeals prior to the enactment of the New York proration statute, appears to be the most relevant authoritative New York decision. As is evident from our reference to it in *Ericson* v. *Childs*, supra, 75, it serves to confirm the conclusion which we have reached in this case. The same is true of the decision in *Merchants National Bank* v. *Merchants National Bank*, 318 Mass. 563, 577, 62 N. E. 2d

831, a case which involves a similar proration statute of Massachusetts.

To the first question, asking whether the Connecticut succession and estate taxes and the federal estate taxes which may be assessed in this estate are obligations of the plaintiffs, to be paid out of the assets of the estate of Fitzhugh Green, deceased, without right of reimbursement to any extent from any other source, we answer "No." To the second, asking whether such taxes are obligations of the plaintiffs, to be paid out of the assets of the estate of Fitzhugh Green, deceased, but with a right of reimbursement, we answer "Yes." The third question, asking to what extent and from whom the plaintiffs are entitled to reimbursement, does not conform to the approved method of presenting questions in a reservation; *Ericson* v. *Childs,* supra, 82; it involves issues not argued before us and we do not answer it. The fourth question requires no answer.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.