ISABEL EMANUELLI DE VALLECILLO ET AL., Plaintiffs, Appellees, and Appellants, *v.* SECRETARY OF THE TREASURY, Defendant, Appellant, and Appellee.

No. 11281. Argued November 8, 1954.—Decided October 7, 1955.

---

[1] The authority is at present vested in the Superior Court. See § 13 of Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

688

*José Trías Monge, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for appellant and appellee. *Manuel I. Vallecillo* for appellees and appellants.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

In 1951 the plaintiffs, as the sole and exclusive heirs of Gabriel Emanuelli Amy, paid a federal estate tax of $17,449.15. The question is whether the plaintiffs were en-

titled to a credit of this sum against our inheritance tax imposed on the heirs by § 2 of Act No. 303, Laws of Puerto Rico, 1946, 13 L.P.R.A. § 883. The plaintiffs' claim for a credit is based on § 5(a), 13 L.P.R.A. § 887, which provides: "There shall be allowed as a credit against the tax imposed by Section 2 the amount of any succession, inheritance, or transfer tax imposed by the Government of the United States of America or any other foreign government . . .".

The Secretary of the Treasury disallowed the credit. The plaintiffs paid the corresponding portion of the tax and sued the Secretary in the Superior Court for a refund. The trial court entered a judgment in favor of the plaintiffs as to this point, from which the Secretary appealed.

█ The Secretary contends that § 5(a) does not apply here on the ground that the federal estate tax is not a "succession, inheritance, or transfer" tax. We disagree. It is true that the federal estate tax is not a succession or inheritance tax. *Helvering* v. *Northwestern Nat. Bank & Trust Co.*, 89 F. 2d 553, 555 (C.A. 8, 1937); *Plunkett* v. *Old Colony Trust Co.*, 124 N.E. 265 (Mass., 1919); *State Tax Commission* v. *Backman*, 55 P. 2d 171 (Utah, 1936); *Turner* v. *Cole*, 179 Atl. 113 (N.J., 1935); *In re Vanderbilt's Estate*, 22 N.E. 2d 379, 387 (N.Y., 1939); *Russell* v. *Cogswell*, 98 P. 2d 179, 182 (Kan., 1940); I Paul, *Federal Estate and Gift Taxation*, pp. 19–20. But the federal estate tax is unquestionably a transfer tax. It is ". . . imposed upon the *transfer* of or shifting in relationships to property at death." *U.S. Trust Co.* v. *Helvering*, 307 U.S. 57, 60 (Italics ours); *United States* v. *Jacobs*, 306 U.S. 363, 367; *Estate of Rogers* v. *Commissioner*, 320 U.S. 410, 413; *Riggs* v. *Del Drago*, 317 U.S. 95, 98; I Paul, *supra*, pp. 19–20; §§ 810–1, I.R.C., 26 U.S.C.A.

█ In arguing that the federal estate tax is not a transfer tax under § 5(a), the Treasurer relies on two attributes of the Federal tax: (1) "the estate" rather than the in-

dividual heirs is liable therefor; (2) the taxable event is the transmission of property at death, irrespective of the persons to whom the property goes. *McLaughlin* v. *Green*, 69 A.2d 289 (Conn., 1949); I Paul, *supra*, pp. 19–20. *Cf. Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 432, 433, 435; 16 Rev. Jur. U.P.R. 195. We do not think the Legislature had these technical differences between our statute and the Federal Act in mind when it enacted § 5(*a*). Nor do we think the Legislature meant to confine the credit in § 5(*a*) to taxes imposed on successions as defined in §§ 599–610 of the Civil Code, 1930 ed., 31 L.P.R.A. §§ 2081–2092. The broad and sweeping language it used—succession, inheritance, or *transfer* tax—at a time when the Federal Act had the foregoing two attributes evinces an unmistakable intention to allow heirs a credit against our inheritance taxes for death taxes which were validly due and paid to the Federal government.[1]

However, the question remains as to whether the plaintiffs were liable for the federal estate tax. The trial court held that the plaintiffs were entitled to the credit under § 5(*a*) on a showing that they in fact paid the Federal tax upon demand by the Federal Commissioner of Internal Revenue. We cannot agree. If a taxpayer is clearly liable pursuant to the Federal statute, he may pay the Federal tax and receive the credit provided in § 5(*a*) without litigating the question. But if there is serious doubt as to such liability, the taxpayer may not accede to the demand of the Federal Commissioner without contesting the matter in the courts and then take a credit under § 5(*a*) for the entire amount paid to the Federal Government against our inheritance tax. Otherwise the taxpayer would be deciding at his own whim which government shall receive this particular portion of the death taxes owed by him.

---

[1] The Secretary argues that allowance of a credit under § 5(*a*) for the federal estate tax would in some instances absorb the entire local tax. That argument should be addressed to the Legislative Assembly rather than to this Court.

■ This case arose because the Federal Commissioner took the position that property belonging to Gabriel Emanuelli at his death which was located in the United States was subject to Part III of the Federal Estate Tax law, §§ 860 to 865, I.R.C., 26 U.S.C.A., relating to "Estates of Nonresidents Not Citizens Of The United States". That is to say, the Commissioner attempted to treat Emanuelli as a nonresident alien. We agree that the question of liability for the federal estate tax is for the Federal courts, not this Court, to determine. But here there was merely a claim by the Federal Commissioner which was not only of doubtful validity but was contrary to his own prior administrative practice, see *Commissioner of Internal Revenue* v. *Rivera's Estate*, 214 F.2d 60, 65, footnote 15 (C.A. 2, 1954). Under those circumstances the plaintiffs could not in effect dissipate revenue which may well belong to the Government of Puerto Rico by acceding to the Commissioner's contention without litigation and then passing the total burden thereof to our Treasury by claiming a credit therefor under § 5(a).

When faced with the same situation, another taxpayer took the obvious step. She sued the Commissioner in the Tax Court of the United States, which held that in view of the provisions in both the Foraker Act and the Jones Act that the internal revenue laws of the United States shall not apply to Puerto Rico,[2] Congress did not make the Federal estate tax applicable to a citizen of the United States who was domiciled in and a citizen of Puerto Rico. The Tax Court added that Congress did not intend that such citizens of Puerto Rico shall be treated as nonresident aliens. *Estate of Clotilde Santiago Rivera*, 19 T. C. 271 (1952). On appeal by the Commissioner, this decision was affirmed. *Commissioner of Internal Revenue* v. *Rivera's Estate, supra*. To the same effect, *Estate of Arthur S. Fairchild*, 24 T.C. No.

[2] 31 Stat. 77, 80, § 14, 1 L.P.R.A. p. 33; 39 Stat. 951, 954, § 9, 1 L.P.R.A. p. 76. The Puerto Rico Federal Relations Act contains a similar provision. 64 Stat. 319, § 4, 1 L.P.R.A. pp. 164–5.

45 (June 16, 1955), reported in Par. 24.45 P-H TC 1955. See also on a related question, *Estate of Albert DeCaen Smallwood*, 11 T.C. 740 (1948), in which the Commissioner has acquiesced. 1949–1 Cum. Bul. 3.

The Commissioner has not acquiesced in the decisions in *Santiago Rivera* and *Estate of Fairchild*. We recognize the possibility that other Circuit Courts of Appeal and the Supreme Court of the United States may ultimately sustain the Commissioner's position. But until that occurs, a taxpayer in this situation who wishes to protect his claim for a credit under § 5(a) must contest the federal estate tax in the Federal courts. The Superior Court found that the plaintiffs have neither filed nor intend to file such a suit. Under those circumstances and in view of the present state of the decisions of the Federal courts on this question, the plaintiffs are not entitled to a credit under § 5(a) for taxes paid to the United States. *Cf. Veve* v. *Descartes, Treas.,* decided today, where the taxpayer took appropriate steps to protect his possible right to a credit under § 5(a).

Section 5(c) of Act No. 303 reads in part as follows: "If any tax for which a credit is claimed under this section is thereafter rebated, adjusted, or altered in any way, the taxpayer shall inform the Treasurer of such change within thirty days of such adjustment, and the tax provided hereunder reassessed accordingly." The trial Court pointed out that § 5(c) ". . . has provided what should be done if in the future the Courts of the United States definitely determine that the Commissioner of Internal Revenue cannot collect a tax as collected in this case and in some manner returns to the plaintiffs the tax paid by them." But here the plaintiffs made no effort to obtain a refund of the Federal tax. We cannot agree that under § 5(c) the taxpayyer may *if he chooses* challenge the Federal tax and that if he fails to do so he may nevertheless claim a credit therefor under § 5(a). On the contrary, as we have indicated, if there is serious doubt as to liability for the Federal tax, the taxpayer *must*

take the proper steps to protect his claim for a refund under Federal law if he wishes to preserve his right to a credit for the Federal tax under § 5(a). Since the plaintiffs took no such steps, they are not entitled to the credit.

 The plaintiffs appealed from the judgment of the trial court insofar as it failed to hold § 5(d) unconstitutional. Section 5(d) provides: "The amount of any tax for which credit is claimed under this section shall be included as part of the gift for the purposes of computing the tax under sections 2 and 3.[3] As already noted, the trial court held that the plaintiffs were entitled under § 5(a) to a credit for the federal estate taxes paid to the Federal Commissioner; but it went on to hold that "[a] t this time the Court does not have before it a sufficient basis in fact to pass on the constitutionality of the said Section 5(d)...".

The plaintiffs in their complaint and briefs do not indicate on what provisions of the Puerto Rican or Federal Constitution they rely. However, in view of their contention that § 5(d) operates as a tax on a tax and not as a tax on the succession of property, we assume the plaintiffs are invoking the local and Federal due process clauses. The Secretary seeks to meet this argument by asserting that the credit as such is not the object of the tax under the Act; rather, according to the Secretary, the credit is not recognized in measuring or computing the tax.

We need not pass on this question of constitutionality. It is moot for two reasons. First, while the Secretary refused to allow the plaintiffs a credit under § 5(a) for the federal estate tax *against our inheritance tax*, in this particular case the Secretary—for reasons not explained in the record and contrary to the terms of § 5(d)—did in fact deduct the federal tax *from the amount of the inherited property* before calculating our tax thereon. Accordingly, in view of the failure of the Secretary to enforce § 5(d)

---

[3] Section 1 defines "gift" as including all transfers affected ". . . by inheritance, by will or intestacy . . .".

against the plaintiffs, the latter cannot raise the question of its constitutionality.

Second, in any event, the constitutional question became moot when we determined that no credit under § 5(a) should be allowed under the circumstances of this case. As the plaintiffs made no valid payment of a federal tax for which they should be allowed a credit under § 5(a), the problem of the constitutionality of the provision in § 5(d) requiring the inclusion of the amount of the credit in computing our inheritance tax disappears from the case.

■■■ The Secretary allowed the plaintiffs credits amounting to $1,310.46 under § 5(b) of the Act.[4] The plaintiffs also assail § 5(d) as unconstitutional insofar as it requires inclusion of such credits in the inherited property subject to taxation under Act No. 303. The purpose of the credit established in § 5(b) is to lighten somewhat the burden of the taxes imposed by Act No. 303 where successive taxable transfers of property have occurred within a comparatively short period of time. 16 Rev. Jur. U.P.R. 195, 203; Bittker and Frankel, *Previously Taxed Property and the Federal Estate Tax*, 8 Tax L. Rev. 263; Rudick, *The Estate Tax Deduction for Property Previously Taxed*, 53 Col. L. Rev. 761; Casner, *The Internal Revenue Code of 1954: Estate Planning*, 68 Harv. L. Rev. 433, 450–51. But that credit, which is a matter of legislative grace, does not reduce the amount of the inherited property as such. We therefore find no basis for holding that the Legislative Assembly, having established the credit embodied in § 5(b), was thereby

---

[4] Section 5(b) provides in part as follows: "Where part or all of the property comprising the gift is derived, directly or indirectly, from property that has been subjected to inheritance, gift, or succession tax within twenty years prior to the date of the gift, there shall be allowed as a credit an amount equal to five (5) per cent of such previous taxes for each year by which the intervening period is less than twenty years or a credit of five (5) per cent of the tax paid on each previous gift for each year of the age reached by the recipient, when the donor of such previous gift has reached the age of fifty years if alive, or was fifty years old, if dead."

constitutionally barred from providing in § 5(d) that our inheritance tax shall be calculated on the entire amount of the inherited property, including the credit found in § 5(b). *Frick* v. *Pennsylvania*, 268 U.S. 473, 500; *Stebbins* v. *Riley*, 268 U. S. 137, 143–5; *In re Clark's Estate*, 74 P. 2d 401, 414–5 (Mont., 1937); Barnett, California *Inheritance and Gift Taxes—A Summary*, 43 Calif. L. Rev. 49, 50–1 (March, 1955). See *Veve* v. *Descartes, Treas.*, decided today; Par. 23,237, P–H Fed. Tax Service 1952.

The judgment of the Superior Court will be reversed and a new judgment entered dismissing the complaint.

Mr. Justice Belaval did not participate herein.