Thomas A. Aurelio, J.
In this proceeding for the settlement of an account of a trustee under an irrevocable trust indenture, the main issue is that of contribution by said trustee to payment of estate and inheritance taxes upon the estate of the deceased settlor. The question is whether under a Connecticut statute providing for such contribution and by reason of an express provision in the settlor’s will, the trustee is obliged to pay an *266 allocable share of estate and inheritance taxes (which result from the inclusion of the corpus of the trust in the decedent’s estate); or whether no such contribution is to be made by the trustee and the burden shall fall solely on the testamentary estate of the settlor. It is the court’s conclusion that the trust must bear a prorata share of estate and inheritance taxes upon the decedent’s estate.
The trust herein was established in 1935; the bulk of the corpus consists of stock and certain life insurance policies on the life of settlor’s father, who is also the trustee petitioner. The trust funds are located and administered entirely within the State of New York and the indenture provides that the settlor may not revoke or alter its terms; the trust indenture is silent with respect to payment of estate taxes.
In 1957, however, the settlor provided in her last will and testament that estate and inheritance taxes on property not passing under the will (i.e. the trust corpus) should be “ equitably prorated and paid from the said property ”. The settlor died in 1958, a resident of Connecticut.
The Federal tax law which provided for inclusion within a decedent’s gross estate of inter vivos transfers, such as the within trust, was enacted (substantially in its present form) in 1930; the correlative Connecticut apportionment statute, however, was not passed until 1945,10 years after the establishment of the trust. Prior to its enactment, all estate taxes (unless otherwise specified in the will or trust instrument) were payable from the residuary of the decedent’s estate (McLaughlin v. Green, 136 Conn. 138).
It is well established that where a New York inter vivos trust is involved and the settlor dies a resident of a sister State with an apportionment statute, the New York court has jurisdiction to determine the effect of the foreign apportionment statute on the New York trust and, in making its determination, will apply the law of the decedent’s domicile — in this instance, Connecticut (Matter of Gato, 276 App. Div. 651, affd. 301 N. Y. 653; Central Hanover Bank & Trust Co. v. Peabody, 190 Misc. 66; Matter of Slade, 4 Misc 2d 616; Matter of McLaughlin, 108 N. Y. S. 2d 794; Matter of Comer, 101 N. Y. S. 2d 916; Matter of Peabody, 115 N. Y. S. 2d 337).
One of the guardians for an infant income beneficiary and remaindermen (now functus officio, as his ward has attained majority and retained other counsel) maintained that, under the Connecticut law, neither the State’s apportionment statute nor the provision of the will may be applied to an irrevocable trust created prior to the enactment of the statute and the *267 making of the will. Relying on Parlato v. McCarthy (136 Conn. 126) he set forth the rationale that interest in the irrevocable trust vested prior to the statute and prior to the settlor’s testamentary direction and could not be divested thereby.
The trustee petitioner and the adult parties to this proceeding contend otherwise, and two guardians for other infant remaindermen gave full exposition of the problem in their reports. The guardians recommended that a hearing be held. At such informal hearing, while zealous to protect their wards’ interests, as officers of the court, the two guardians were constrained to advise that in Matter of Peabody (115 N. Y. S. 2d 337, supra) the New York court appears to have already construed the Parlato case and its effect on the Connecticut apportionment statute and to hold that Parlato stands only for the proposition that the Connecticut statute may not be applied retroactively to estates of persons dying prior to the date of its enactment. At the hearing, parties to a second proceeding (including guardians of infants) involving a similar trust established by the same family wherein the tax apportionment problem was identical were present and agreed with this latter view. The court is also informed by the successor counsel of the erstwhile infant who has just attained majority that he, too, takes the same position as to the law and that his client has instructed him to raise no objection to applying apportionment to the trust.
The court finds that a reading of the Connecticut decisions and the New York cases sustains the position that apportionment is applicable to the within trust. The sole authority questioning the applicability of the statute to irrevocable inter vivos trusts created prior to its passage is a probate handbook (3 Locke and Kohn, Conn. Probate Prac., 147-148) in which the matter is described as “not clear”. No reported decision, however, appears to follow the authors’ suggestion of inapplicability. In a case decided the same day as Parlato, McLaughlin v. Green (136 Conn. 138, supra) while the question was not squarely presented, the Connecticut apportionment statute was applied to irrevocable trusts created prior to its enactment, as is the fact in the instant proceeding. It is also noteworthy that in the 10 years since the Parlato case there does not appear to be any decision in the State of Connecticut which interprets the Parlato case as holding that apportionment may not be applied to prior created irrevocable inter vivos trusts included in estates of persons dying after enactment of the statute, and more particularly where the will of the settlor directs apportionment.
In the Peabody case, decided in this court subsequent to the Parlato decision, the facts were somewhat similar to those pre *268 sented herein. An inter vivos trust was created in 1936; Peabody made his will in 1932 and died in January, 1945. The Connecticut apportionment statute was enacted in July, 1945 but made applicable to the 1 ‘ estates of persons dying on or after July, 1944 ”, i.e., one year prior to its enactment.
In Parlato v. McCarthy (supra) the highest court of Connecticut declared the statute unconstitutional solely with respect to its retroactive portion. Mr. Justice Boteiet, following this determination by the Connecticut court, held that since Peabody died prior to the enactment of the apportionment statute, proration could not be applied. But, unlike the will herein, the Peabody will contained no direction as to apportionment of estate and inheritance taxes and the court in Peabody noted (p. 339): ‘ ‘ At the time of death of Stephen Peabody in 1945 there was no statute dealing with apportionment of estate taxes in Connecticut and therefore the burden of the federal estate tax was on the residuary estate and an inter vivos trust bore no portion thereof unless the will clearly expressed the intention for proration.” (Emphasis added.) (See, also, Ericson v. Childs, 124 Conn. 66, cited by Mr. Justice Botein.)
It would thus appear that, totally aside from any statute, if there is a clear expression in the will directing apportionment, it will be honored. That this is the intendment of the Connecticut cases appears from McLaughlin v. Green (136 Conn. 138, 143) where the court stated: “ One important fact to be considered in resolving the ambiguity in this case is that no mention is made in the will of any of the inter vivos trusts although the testator had established them prior to its execution * * * 1 The answer to the present question depends upon the construction and consequent effect to be accorded to the provision contained in the will ’ ”.
In the instant proceeding the settlor in her will has clearly and unambiguously directed that the trust bear its attributable share of taxes. Under the will, therefore, apportionment should be applied to this trust. As was pointed out in Matter of Matthiessen (195 Misc 598, 604), “this State encourages the selection by residents of other States of New York as the situs of trusts ”. We should not, therefore, impede the proper collection of estate taxes by the resident State of settlors who have thus established trusts in our State.
In the interest of orderly administration and to prevent undue hardship on the estate herein, the trustee is given leave to advance the anticipated proportionate share of taxes attributable to the trust. Such advance is to be made directly to the taxing authorities by the present sole individual trustee, who is *269 serving without compensation, so that it will not result in any substantial administration charge against the trust. Proper safeguard should be provided in the order to be entered herein, to assure that any refund for overpayment, if such should result, will be returned to the trust corpus.
At the death of the settlor, the settlor was indebted to the trust for approximately $73,000. As collateral security for the repayment of the loan the settlor executed a promissory note and under an agreement dated February 1, 1954, deposited with the trustee as collateral security two life insurance policies on the life of settlor’s father (the present trustee petitioner, now 84 years of age). All the guardians are in accord that said security is now insufficient but they agree that the loan may be continued on condition that the executor of the settlor’s estate deposit with the trustee or his successors additional shares of S. H. Kress & Co. common stock now part of decedent’s estate as added collateral security. It is understood that the executor has agreed to post such additional security. The guardians have suggested the deposit of 1,000 such shares to be held by the trustees under and pursuant to the same terms and conditions as set forth in the loan agreement of February 1,1954, with the same provisions for sale of such stock or retention of same in the event of default. The court accepts the suggestion of the deposit of additional collateral. However, since the filing of the reports herein the afore-mentioned stock has decreased in value. The court, therefore, as a condition of its approval requires the deposit of 1,250 to 1,500 shares as required to make up the difference and the filing of written consent by all adult parties. The order to be entered herein should also provide that the loan be repaid at its maturity date, February 1, 1963 (or sooner in the event of default or the death of the insured) and that the trustees be directed not to extend the payment of said loan beyond maturity or otherwise modify the agreement without the further approval of the court.
Charles L. Abry, III, and the Chemical Bank New York Trust Company are appointed successor cotrustees. Mr. Abry is to serve without compensation in accordance with the terms of the trust. He is also the executor of the settlor’s estate, and to avoid any conflict of interest his appointment is conditioned on consummation of the above-described compromise with regard to the loan against said estate. The successor corporate trustee is to receive commissions in accordance with section 285-a of the Surrogate’s Court Act. Recommendations of the guardians with regard to insurance assignments are accepted and the order should make appropriate provision therefor. Since the funds *270 of the estate are presently invested and this decision will require the sale of some of the assets, the present petitioner trustee is directed to file a supplemental account after the initial advance for taxes provided herein is made. He is permitted to resign after such payment and filing. The successor trustee is directed to pay any further deficiencies and to make such refunds as necessary. The account is judicially settled and allowed on all the terms and conditions set forth above. Settle order, which should provide for payment of guardians’ fees and attorneys’ allowances.