Tina DIMARIA, et al., Plaintiffs,

v.

George A. SILVESTER,
et al., Defendants.

Civil No. 3:97CV01498(AVC).

United States District Court,
D. Connecticut.

July 21, 1999.

John C. Heffernan, Jr., Heffernan, Farr, McChord & Morelli, Hartford, CT, Carl J. Robie, III, Steves & Robie, Sarasota, FL, for plaintiffs.

Andrew J. O'Keefe, Joseph M. Busher, Jr., O'Keefe, Phelan & Jackson, Raynald B. Cantin, Cantin & Assoc., F. Timothy McNamara, Hartford, CT, for defendants.

Susan Quinn Cobb, Attorney General's Office, Hartford, CT, for movant.

## *RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT*

COVELLO, Chief Judge.

■ This is an action for damages alleging that the defendants, George A. Silvester, George A. Silvestri,[1] and the law firm of Silvester, Daly and Delaney ("law firm"), are liable under common law tenets concerning breach of fiduciary duties, malpractice, intentional interference with an inheritance,[2] and interference with a financial expectancy. Further, the complaint alleges that the defendant, John Rimscha, is liable for intentional interference with an inheritance and intentional infliction of emotional distress.[3]

On February 15, 1999, the plaintiffs, Tina DiMaria, Matilda Giuliano, and Lucy Ashline filed the within motion for partial summary judgment[4], arguing that there is no dispute of material fact precluding partial summary judgment in their favor.[5]

On February 16, 1999, the defendants, George A. Silvester and the Law Firm of Silvester, Daly and Delaney, filed the within motion for summary judgment, arguing that there is no dispute of material fact

1. On January 13, 1998, the court granted Silvestri's motion to dismiss for want of jurisdiction over his person, on the grounds of ineffective service of process.

2. On July 21, 1999, the court granted Silvester's motion to dismiss the third count of the complaint, intentional interference with an inheritance, on the grounds that Connecticut does not recognize such a cause of action. See Ruling on Defendant's Motion to Dismiss, July 21, 1999.

3. The court concludes, sua sponte, that summary judgment is granted for the defendant, Rimscha on Count Five of the complaint, on the grounds that Connecticut does not recognize a cause of action for intentional interference with an inheritance. See Ruling on Defendant's Motion to Dismiss, July 21, 1999.

4. It is partial summary judgment because the plaintiffs are asking for a ruling solely on the issue of liability, and do not ask for summary judgment on Count VI, intentional infliction of emotional distress against Rimscha.

5. In the defendants' objection (document no. 73) to the plaintiffs' motion for partial summary judgment, the defendants argue that the complaint and memoranda of law in support of the motion for partial summary judgment fail to comply with Fed.R.Civ.P. 7 and 8. With respect to the complaint the defendants argue that "the allegations set forth in the complaint are stated with such vagueness and ambiguity as to leave the defendants at a loss as to the claims being asserted." While the court agrees that the complaint is "twenty-five pages of prose written in a narrative fashion," the court construes this objection as a Rule 12(e) Motion for More Definite Statement, which is waived under Rule 12(g) because the defendants failed to consolidate it with their previous Rule 12 motions to dismiss (document no. 58).

Additionally, the defendants "submit that the claims [in the motion for partial summary judgment] are no more precise." Again, this court agrees that the plaintiffs' motion does not necessarily comply with Fed.R.Civ.P. 7(b), but concludes under Rule 12(g) that the defendants have waived any claim for a more definite statement under Rule 12(e) by not filing a motion previous to or concurrently with their response to the plaintiffs' motion. In addition, the court finds no evidence of prejudice.

The plaintiffs have filed reply briefs (documents no. 79 and 80) in response to Silvester and Rimscha's objections to the motion for partial summary judgment. The plaintiffs raise a number of technical objections to the form and length of the defendants' memoranda, all of which the court rejects as lacking merit.

precluding summary judgment in their favor.[6]

The issues presented are: 1) whether Silvester breached his fiduciary duties during the administration of Joseph Giuliano's ("decedent") estate; 2) whether Silvester and the law firm committed legal malpractice in the preparation of the decedent's will and during the administration of his estate; and 3) whether Silvester interfered with the plaintiffs' financial expectancy.

For the reasons hereinafter set forth, the court concludes that there remain genuine issues of material fact concerning whether Silvester breached his fiduciary duties, whether Silvester and the law firm committed legal malpractice, and whether Silvester interfered with the financial expectancy of the plaintiffs.

Accordingly, the plaintiffs' motion for partial summary judgment is denied in its entirety, and the defendants' motion for summary judgment is granted in part and denied in part.

### FACTS

Examination of the complaint, affidavits, pleadings, exhibits, supplemental materials and the Rule 9 statements of material fact accompanying the motions for summary judgment, and the responses thereto discloses the following undisputed material facts.

The plaintiffs, Tina DiMaria, Matilda Giuliano, and Lucy Ashline are all domiciled in Florida. The defendants, George A. Silvester, the law firm, and John Rimscha, are all domiciled in Connecticut. On or about August 5, 1992, Joseph S. Giuliano, the brother of the three plaintiffs, established an insurance trust ("the trust") designating the plaintiffs as beneficiaries. Silvester is not the trustee. On or about

August 4, 1994, the decedent executed a will prepared by Silvester, superseding an earlier will executed on or about April 26, 1994.

The new will provided bequests to Newington Hospital and Trinity College, and created a testamentary trust, naming Silvester and Silvestri as co-executors of the will and co-trustees of the testamentary trust. Matilda Giuliano and Ashline are the beneficiaries of the testamentary trust during their lifetimes, and any remainder on their deaths is to be paid to Newington children's hospital. The will also includes a tax clause which states in relevant part:

> I direct that all legacy, succession, inheritance, transfer and estate taxes, levied or assessed upon or with respect of any property which is included as part of my estate for the purpose of any such tax, shall be paid by my Executor out of my estate as an expense of administration and shall not be prorated or apportioned among or charged against the respective beneficiaries, transferees or other recipients, nor charged against any property passing, or which may have passed, to any of them, and that my estate shall not be entitled to reimbursement for any portion of such tax from any person. (Article I, Last Will and Testament of Joseph S. Giuliano)

On January 7, 1995, the decedent died as a result of AIDS. On January 13, 1995, Silvester and Silvestri filed an application seeking admission of the will to probate, and simultaneously sought appointment as co-executors of the estate. On February 10, 1995, the probate court conducted a hearing, at which time the court appointed Silvester and Silvestri as temporary administrators of Giuliano's estate. On May 3, 1995, the probate court admitted the

---

**6.** In the plaintiffs' memorandum (document no. 78) in response to the defendants Silvester and the law firm's motion for summary judgment, the plaintiffs argue that the "defendants filed their Local Rule 9(c)(1) Statement in violation of said rule" by: 1) not annexing the statement to the motion; 2) serving the mo-

tion 10 days late; and 3) not filing a motion to amend. The plaintiffs also argue that the memorandum is 46 pages in length, violating Local Rule 9(a)(2).

The court concludes that the plaintiffs have not suffered any prejudice as a result of these oversights.

decedent's will to probate and appointed Silvester and Silvestri as co-executors.

Examination of the complaint discloses the following:

The complaint alleges that in 1995 and 1996, Silvester, in his capacity as executor, failed and refused to collect federal estate taxes (FET) from the trust and from the defendant, John Rimscha, the decedent's partner.[7] The complaint further alleges that Silvester failed and refused to pay the estate taxes due, incurring substantial interest and penalties for the estate.

The complaint further alleges that Silvester represented both Giuliano and Rimscha in a number of real estate transfers, and that Silvester neglected to collect FET from Rimscha based upon property owned in joint tenancy with a right of survivorship that went directly to Rimscha upon Giuliano's death. The complaint further alleges that Silvester knew that the taxes due on the inter-vivos transfers would deplete the estate and make it impossible to fulfill the decedent's testamentary intent.

Finally, the complaint alleges that Silvester failed to retrieve assets that Rimscha allegedly stole from the estate. The complaint further alleges that Silvester and his law firm intentionally took unfair advantage of Joseph Giuliano while he was under the strain caused by AIDS, up to and including the preparation and execution of the new will.

On January 25, 1996, the probate court entered an order authorizing Silvester and Silvestri to compromise all claims the estate might have against John Rimscha, and to enter into an exchange of mutual releases by allowing a claim in favor of Rimscha in the amount of $39,000.

On or about January 29, 1997, the probate court for the district of Hartford entered an order authorizing Silvester and Silvestri to sell four real properties belonging to the estate, pursuant to a contract of sale. The complaint alleges that Silvester and Silvestri failed to complete the sale, and attempted to sell the property to a third party. The failure to carry out the terms of the contract caused a contingent sale of the plaintiffs' adjacent property to fail.

As a result of the foregoing, the plaintiffs allege that they have suffered diminution in the value of the estate, an inability to fund their residuary trust under the will, and severe financial damages.

On July 25, 1997, the plaintiffs filed suit in this court. On February 15 and 16, 1999, the plaintiffs and the defendants, Silvester and the law firm, filed the within motions for partial summary judgment and summary judgment.

### STANDARD

A motion for summary judgment is granted when there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Rule 56(c) provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

---

**7.** Specifically, the complaint alleges that: 1) the inclusion of the aforementioned tax clause is contrary to public policy, state and federal law; 2) the defendants wrongly relied upon the tax clause and thus did not collect any FET taxes from the insurance trust or Rimscha.

that there be no genuine issue of material fact." *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims ... [and] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

### I. Breach of Fiduciary Duty (Count I)

Silvester first argues as a threshold issue, that the plaintiffs "Lucy Ashline and Matilda Giuliano lack standing in the first count to assert claims for breach of fiduciary duty pursuant to the *in terrorem* provision of the decedent's last will and testament."[8] Specifically, Silvester argues that "the plaintiffs have forfeited all of their benefits under the decedent's last will ... by making the claims in the instant matter for breach of fiduciary duties, interference with inheritance, and legal malpractice" and by contesting the validity of the tax clause.[9]

■ "Connecticut recognizes the validity of forfeiture clauses in a will but acknowledges an exception where a contest 'was begun in good faith, and ... there was probable cause and reasonable justification.' " *In re Estate of Frances B. Andrews,* 1991 WL 157657 (Conn.Super.1991) (quoting *South Norwalk Trust Co. v. St. John,* 92 Conn. 168, 178, 101 A. 961 (1917)). Another exception is where the "action is

brought to secure an interpretation of a will, an assertion by any beneficiary of the construction which he believes to be the correct one is not a contest ... because he is merely seeking to give effect to the real intent of the testator." *Griffin v. Sturges,* 131 Conn. 471, 477, 40 A.2d 758 (1944). "Furthermore, this type of provision, sometimes referred to as an 'in terrorism' clause, although recognized as valid in principle, is not favored by the courts and is to be construed strictly to prevent forfeitures." *In re Estate of Frances B. Andrews,* 1991 WL 157657 (Conn.Super.1991).

■ The court concludes that the plaintiffs' filing of the within lawsuit against the defendants does not constitute a "will contest" as intended by the in terrorem clause. The will was successfully probated without challenge by the plaintiffs, and they are not attempting here to change specific bequests or substitute beneficiaries of the will. Furthermore, the attacks on the tax clause are only collateral, and the plaintiffs are alleging that the inclusion of the clause constitutes evidence of the alleged breaches of fiduciary duty by the defendants. Thus, the court concludes that the plaintiffs have standing to bring a cause of action for breach of fiduciary duties against Silvester.[10]

■ The complaint raises a host of allegations of breach of fiduciary duties by Silvester during the administration of Joseph Giuliano's estate. The court concludes that there are genuine issues of material fact, including but not limited to:

---

8. The will states in relevant part: "if any beneficiary contests the probate or the validity of any part or all of my will, or seeks to prevent the execution of any of its terms (regardless of the nature of or probable cause of their actions), then all of the terms of this will while benefiting such person are revoked and the property concerned is to be treated as if said beneficiary failed to survive me."

9. The defendants cite no legal authority supporting their interpretation of the proper application of the in terrorem clause of the will.

10. The defendants also make the argument that "the plaintiffs' claims for breach of fiduciary duties are premature and are subject to the exclusive, original jurisdiction of the Hartford probate court." This court suggests that the defendants pay closer attention to the February 25, 1998 Ruling on the Defendant's Motion to Dismiss, where this court denied the defendant's motion to dismiss the within case on the exact same grounds.

1) Silvester's failure to notify the buyer (Washington Street Three, L.L.C.) that the probate court had approved the sale of certain real properties;

2) Silvester's failure to pay estate taxes in 1995 and 1996, "costing substantial interest and penalties in the approximate amount of $125,000," and causing the tax bill to grow from $300,000 to $700,000 in that time;

3) Silvester's failure "to collect the proportionate share of the [estate] taxes from the insurance trust," despite an offer by the trust to pay its proportionate share;

4) Silvester's failure "to prepare and file with the probate court and estate accounting;"

5) Silvester's failure "to obtain the tangible personal property for Plaintiff Ashline, as required under Article III of the Will"; [11]

6) Silvester's involvement in the settlement of Rimscha's claims against the estate, despite having represented Rimscha both before and after the death of the decedent, in contradiction of loyalty and good faith representation due to the estate.

Accordingly, the cross motions for summary judgment are denied with respect to Count One of the complaint, breach of fiduciary duties by Silvester.[12]

## II. Legal Malpractice (Count II)

The defendants, Silvester and the law firm, first argue as threshold issue that the plaintiffs lack standing to bring a cause of action for legal malpractice, since "as a general rule, attorneys are not liable to persons other than their clients for negligent rendering of services." The defendants further argue that "the only situation in which the Connecticut Supreme Court has sanctioned liability to a third party is where the plaintiff shows that he or she was an intended non-client beneficiary of the will drafted by the attorney containing an error or errors in drafting or execution."

The Connecticut supreme court held in *Krawczyk v. Stingle*, 208 Conn. 239, 543 A.2d 733 (1988) that "a number of jurisdictions have recognized an exception to this general rule [of no liability] when the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services." *See also Mozzochi v. Beck*, 204 Conn. 490, 529 A.2d 171 (1987). For example, an attorney al-

---

**11.** Article III provides in pertinent part: "I give and bequeath to John R. Rimscha ... the use and enjoyment of any furniture and furnishings ordinarily located in Units 27J and 27H of Bushnell Towers, Hartford ... At such time as John ceases to reside in said units ... such property shall be distributed to my sister, Lucy."

**12.** The complaint raises two additional allegations of breach of fiduciary duties by Silvester, both of which the court concludes, as a matter of law, should be dismissed. First, it is clear that the tax clause used in Giuliano's will by Silvester is both consistent with state and federal law, and also endorsed by the Connecticut Bar Association. *See Connecticut Estate Practice: Death Taxes*, 258 (2nd ed. 1995 Cum.Supp.). In fact, the tax clause in question is almost verbatim of the clause endorsed by the Connecticut supreme court in *McLaughlin v. Green*, 136 Conn. 138, 69 A.2d 289 (1949). Therefore, summary judgment is granted for the defendants with respect to the

plaintiffs' claim that either the tax clause is contrary to law and public policy, or Silvester was negligent in not familiarizing himself with state and federal laws before drafting the will.

Second, the complaint alleges that Silvester breached his fiduciary duty by "negligently pay[ing] executors fees to Silvester and Silvestri and their lawyer, John Droney, Esq., without first paying the FET ... in violation of federal law." According to state law, the payment of administrator or executor's fees is second in priority, behind only funeral expenses when settling an estate. C.G.S. § 45a–365. In addition, the defendants point out that the probate court itself approved the payment of executor's fees March 19, 1996, a fact that is not refuted by the plaintiffs. In addition, the plaintiffs fail to point to a single piece of evidence in support of their claim. Therefore, the court concludes that such a claim is completely without merit and summary judgment is granted for the defendants with respect to the payment of executor's fees.

leged to have erred in the preparation of a will may be held liable to the intended beneficiary of the will under either a tort or a contract theory of liability. *Stowe v. Smith,* 184 Conn. 194, 199, 441 A.2d 81 (1981). And courts have also held that the intended beneficiary has a cause of action against an attorney who failed to draft a will in conformity with a testator's wishes. *See, e.g., Id.; Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685 (1961), *cert. denied,* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962).

■ Based on the facts of the within suit, the plaintiffs, as beneficiaries of the will drafted and executed by Silvester, were owed a duty of care by Silvester consistent with that of a reasonably prudent lawyer in his position.

■ With respect to the independent acts alleged to constitute legal malpractice, the court concludes that there exist genuine issues of material fact, including but not limited to:

1) Silvester's alleged negligence in drafting the will in the form that he did, by including the aforementioned tax clause and wrongfully relying on the clause as the basis for failing to collect FET from Rimscha and the insurance trust;

2) Silvester's alleged failure to explain or communicate to Joseph Giuliano the effect of the boilerplate tax clause in his will;

3) Silvester's drafting of the will despite knowledge of the inadequacy of the probate assets to cover FET because of the prior inter-vivos transfers to Rimscha that depleted the estate;

5) Silvester's representation of both Rimscha and Giuliano, in a real estate transaction, constituting a conflict of interest and thereby violating Rule 1.1 and 1.7 of the Rules of Professional Conduct.

Accordingly, the cross motions for summary judgment are denied with respect to Count Two of the complaint, legal malpractice by Silvester and the law firm.[13]

### III. Interference With A Financial Expectancy (Count IV)

■ To state a cause of action for interference with a financial (or business) expectancy, the plaintiffs must prove each of the following elements:

1) The existence of a business relationship or expectancy; 2) knowledge by the defendant of the relationship; 3) tortious interference by the defendant, i.e., proof that the defendant acted maliciously, or was guilty of fraud, misrepresentation, intimidation or molestation; 4) proof that the interference caused harm; and 5) damages to the plaintiff.

Rest. (Second) Torts §§ 766–772; *see also Paint Products Company v. Minwax Company, Inc.,* 448 F.Supp. 656 (D.Conn. 1978); *Golembeski v. Metichewan Grange No. 190,* 20 Conn.App. 699, 569 A.2d 1157 (1990).

The plaintiffs argue that pursuant to a probate court order entered on January 29, 1997, Silvester, as executor of the estate, was obligated to sell certain estate properties to The Washington Street Three L.L.C. pursuant to an option contract. The plaintiffs further argue that they "own property adjacent to the realty that was to be sold by court order ... [and the sale of their own property] was contin-

---

**13.** The complaint further alleges that Silvester committed malpractice by representing both Rimscha and Giuliano in a real estate transaction, constituting a conflict of interest and thereby violating Rule 1.1 and 1.7 of the Rules of Professional Conduct. The court concludes that the plaintiffs lack standing to bring a cause of action for legal malpractice against Silvester deriving from a real estate transaction made prior to the execution of the will. The plaintiffs were in no way third party beneficiaries to the transaction, and thus do not fall under the exceptions to privity outlined in *Leavenworth v. Mathes,* 38 Conn. App. 476, 480, 661 A.2d 632 (1995). In addition, a violation of the Rules of Professional Conduct does not, by itself, give rise to a private cause of action for legal malpractice. *Mozzochi v. Beck,* 204 Conn. 490, 529 A.2d 171 (1987).

gent in part upon performance of the fiduciary to obey the court order and perform under its contract with the buyer."

Specifically, the plaintiffs argue that "during the five month period that the fiduciary failed to obey the court ruling to sell the estate property, the fiduciary intentionally interfered with the plaintiffs' financial expectancy, by attempting to change the terms of the contract, without court approval ... [and] attempt[ing] to sell the estate property to a third party without court approval, while the same property was under contract with the Washington Street Three, L.L.C., creating a fraud on the court and misrepresenting the estate's authorized interest in the property."

The defendant responds that "the plaintiff cannot establish knowledge by the defendant ... of any intention by the plaintiffs to sell the adjacent properties." Further, the defendant argues that "at no time, did attorney Silvester have any intention to impede any real estate transaction which the plaintiffs may or may not have been pressing for."

■ This court concludes that there are genuine issues of material fact concerning Silvester's knowledge of the plaintiffs' contingent sale of property, as well as genuine issues of material fact concerning Silvester's intent to interfere with the plaintiffs' financial expectancy through his allegedly tortious and fraudulent behavior.

Thus, the cross motions for summary judgment are denied with respect to Count Four of the complaint, intentional interference with a financial expectancy.

### CONCLUSION

For the foregoing reasons, the plaintiffs' motion for partial summary judgment (document no. 60) is denied in full, and the defendants' motion for summary judgment (document no. 64) is granted in part and denied in part.