[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is who must bear the burden of the succession taxes paid by the estate of the decedent Sylvia C. Grieger who died on May 10, 1997.
General Statutes § 12-401 in pertinent part provides that "the amount of the tax so paid, except when a testator otherwise directs inhis will or when, by written instrument executed inter vivos, direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such inter vivos instrument, shall, except as hereinafter provided in subsection (b), be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate except that in making such proration, allowances shall be made for any exemption granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate . . ." (emphasis supplied). CT Page 7516
The relevant provisions of the last will and testament of the decedent are as follows:
Paragraph SECOND provides: "I direct that all death and transfer taxes of any kind which may be payable with respect to any property includable as part of my gross estate for tax purposes, whether or not such property passes under this Will, shall be equitably apportioned among allbeneficiaries of my residuary estate, with no taxes apportioned to the bequests described in paragraph FIFTH, below." (emphasis supplied)
Paragraph FIFTH provides for specific bequests of cash to six named individuals and one charitable entity.
Paragraph SIXTH provides for the distribution of the residue of the estate in the following manner:
"(1) Twenty-five percent (25%) to my friend, Geraldine Narracci, of East Haven, Connecticut. In the event Geraldine Narracci shall fail to Survive me by ninety (90) days, her share shall be distributed to the Charitable organizations listed below in proportion to their relative shares."
"(2) Thirty percent (30%) to the Masonic Home, of Wallingford, Connecticut, for its general charitable purposes, in memory of Edith Coomes."
"(3) Thirty percent (30%) to Leeway, Inc. of Hamden, Connecticut for its general charitable purposes."
"(4) Five percent (5%) to the AIDS Interfaith Network, of New Haven, Connecticut, for its general charitable purposes."
"(5) Five percent (5%) to the AIDS Project of New Haven, Connecticut, for its general charitable purposes."
"(6) Five percent (5%) to the Connecticut AIDS Residence Coalition, of Hartford, Connecticut, for its general charitable purposes."
The appellant, Geraldine Narracci, who is entitled to twenty-five per cent of the residuary estate under paragraph six argues that the burden of the succession tax must be prorated among the charities who also take under that paragraph. The executors argue that the will does not specifically provide for an exception as provided in § 12-401 and that the entire burden is on the appellant. CT Page 7517
It is correct that under § 12-401 "[a]pportionment is the rule to which exception is allowed only if there be clear direction to the contrary" McLaughlin v. Green, 136 Conn. 138, 142 (1949) (Internal quotation marks and citation omitted). The court agrees with the Appellant that there is a "clear direction" by the testator that the tax burden is to be prorated among all of the residuary beneficiaries. Simply put, this case has not been "spun out of vague and uncertain language";Jerome v. Jerome, 139 Conn. 285, 289 (1952); but rather the direction to prorate the taxes among all of the residuary beneficiaries — the appellant and the residuary charities — is clearly set forth.
The testator knew quite well how to exempt a legatee from the burden when she specifically provided in paragraph second that there will be "no taxes apportioned to the bequests in paragraph FIFTH . . ." which included a bequest to a charity. This, standing alone, may not be enough to trump the statutory command of equitable apportionment. The paragraph, however, goes further and provides that taxes shall be "equitably apportioned among all beneficiaries of my residuary estate" (emphasis supplied). The only non-charitable residuary beneficiary is the appellant. "All" has its ordinary meaning — it simply means "every member". Websters Third International Dictionary. Furthermore, common sense dictates that if the testator intended that the burden be solely on the one non-charitable beneficiary in paragraph FIFTH, he would have said so instead using the language that it be apportioned among "all" of residual legatees. The directive that it be equitably apportioned simply means that the taxes be apportioned based upon the percentage each legatee takes under paragraph FIFTH.
The plaintiffs appeal from probate is sustained, the matter is remanded to the Probate Court for the district of North Haven for further proceedings not inconsistent with this decision.
 Robert I. Berdon Judge Trial Referee